LEOLA O. PICKHARDT et al., Appellants, v. FIRST NATIONAL BANK AND TRUST COMPANY OF FREEPORT et al., Defendants, and MALCOLM H. ORMSBEE et al., Defendants-Respondents.— Appeal from order granting motion of ten defendants to require plaintiffs to bring in certain additional parties defendant in an action to modify certain restrictive covenants affecting a tract of land in Massapequa, L. I., on the ground that they are no longer enforcible because of changes in the neighborhood. Order affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST CARPENITO, Appellant.— Defendant appeals from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting him of the crime of book-making (Penal Law, § 986). Judgment of conviction reversed on the law, the information dismissed on the ground that the evidence was not sufficient to warrant the finding of guilt beyond a reasonable doubt (*People* v. *Richardson*, 287 N. Y. 563; *People* v. *Soshtain*, 288 N. Y. 658); and bail exonerated. Close, P. J., Hagarty, Johnston and Lewis, JJ., concur; Carswell, J., dissents and votes to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER UNDERHILL, Appellant.— The defendant appeals from a judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting him of the crime of violating section 982 of the Penal Law (keeping slot machines). The judgment is reversed on the law, the complaint dismissed and the fine remitted. It appears from the undisputed evidence in the case that the defendant was the custodian of certain rooms that were known as "Foresters Temple," which consisted of club rooms, barroom, bowling alleys, et cetera. It is conceded that there was a slot machine located in the barroom, which machine was known as "Galloping Dominoes" and which violated the statute. The duties of the defendant were that of custodian, caretaker of the building and bowling alleys, and to act as bartender. The machine was placed in the barroom by the board of directors of the club where he was employed. He exercised no control over it and removed no money from it. He had no interest in the operation of the club itself but was a salaried employee. We give the words "keep" and "possess" as used in the statute their ordinary meaning as exercising actual control, care and management. Tested by these definitions, the machine was neither kept by the defendant nor was it in his possession. Courts may not give to words of the statute a sense different from that in which they would be understood by the ordinary citizen. (*People* v. *Stoll*, 242 N. Y. 453.) Where the Legislature has intended to make employees answerable for the violation of the statute, it has so stated in explicit language. (Penal Law, §§ 421, 936, 1292-a.) Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.