THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* MAYBELLE WAKELEE, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* BENJAMIN SPRUNG, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* LEE MOORE, Respondent.

Argued November 30, 1950; decided March 9, 1951.

*Theodore A. Viehe* for appellant. I. The appeal to the Court of Appeals was proper. (*People* v. *Wolf,* 247 N. Y. 189; *People* v. *Ward,* 146 Misc. 606; *People* v. *Van Houten,* 13 Misc. 603, 91 Hun 638; *People* v. *Whitcomb,* 273 App. Div. 610, 298 N. Y. 635.) II. The conviction of defendant Moore was proper. (*People* v. *Underhill,* 267 App. Div. 833; *People* v. *Mills,* 160 Misc. 730.) III. The pinball machines should be destroyed.

*Charles J. McDonough* for respondents. I. The order for destruction of the pinball machines is civil in nature and appellant is in the wrong court. (General Construction Law, §§ 18-a, 46-a; Code Crim. Pro., §§ 5, 5-a; *People* v. *Whitcomb,* 273 App. Div. 610, 298 N. Y. 635.) II. The conviction of defendant Moore was properly reversed. (*People* v. *Underhill,* 267 App. Div. 833; *People* v. *Mills,* 160 Misc. 730.) III. The police justice had no jurisdiction to order destruction of the pinball machines under section 985 of the Penal Law. (*People* v. *Nelson,* 153 N. Y. 90.) IV. Summary destruction of pinball machines is not authorized by section 985 of the Penal Law. (*People* v. *Nelson,* 153 N. Y. 90; *Hornstein* v. *Paramount Pictures,* 292 N. Y. 468; *People* v. *Jennings,* 257 N. Y. 196; *Kearney* v. *City of Elmira,* 238 App. Div. 678.)

LOUGHRAN, Ch. J. An ordinance of the Village of Hamburg in Erie County makes these provisions: " No person shall keep or use, or permit to be kept or used in any place within said village of Hamburg, any table, instrument or device of any nature whatsoever for the purpose of gambling or with which money, liquor or anything of value shall be played for in any manner, and no person shall be an inmate in any such place where said gambling device may be kept, nor be engaged in any game of chance as banker, dealer, player or otherwise."

After trial before a Police Justice, each of the three defendants (Wakelee, Sprung and Moore) was found guilty of a separate violation of the above ordinance and was fined $25.

At the same time, the Police Justice made an order pursuant to section 985 of the Penal Law directing the destruction of a number of pinball machines which had been seized by the police when the defendants were arrested.

Upon appeals taken by all of the defendants, the County Court of Erie County affirmed the convictions of Wakelee and Sprung, but reversed the conviction of Moore and dismissed the charge against him. By the same order, the County Court vacated the direction of the Police Justice for the destruction of the pinball machines. Then a Judge of this court gave leave to the village attorney to bring here for review so much of the order of the County Judge as (1) reversed the conviction of Moore; and (2) vacated the direction for destruction of the pinball machines.

At the outset, a question in respect of our jurisdiction should be noticed. The proceeding against Moore for his alleged violation of the village ordinance was a prosecution for a criminal offense (*People* v. *Wolf,* 247 N. Y. 189; *People* v. *Scheinman,* 295 N. Y. 142). Hence the appeal from that part of the order of the County Court which reversed the conviction of Moore was rightly taken (Code Crim. Pro., § 520, subd. 3). As to him, the charge was that he " did keep, use and permit to be kept and used a pinball machine or device used for gambling purposes ". Moore was a counterman and bartender employed by the owner of a bowling alley and barroom. The owner-employer of that establishment was the bailee of the pinball machine that was found there and winning players were paid from his till.

By its terms, the village ordinance is addressed to persons who " shall keep " or " permit to be kept " a gambling device. As so used, the word "keep ", of course, can refer only to the owner or bailee of such a machine. (See *People* v. *Shakun,* 251 N. Y. 107.) As we read the ordinance, it is not aimed at employees, servants or agents and so we are in agreement with the reversal by the County Court of the conviction of Moore (cf. Penal Law, § 982; *People* v. *Underhill,* 267 App. Div. 833).

The village attorney would nonetheless have us sustain Moore's conviction under that provision of the village ordinance which is directed against a person who engages in any game of chance " as banker, dealer, player or otherwise." But no such charge was made against Moore in the police court. As we have said, the information alleged only that he " did keep, use and

permit to be kept and used a pinball machine or device used for gambling purposes''. We think it is not now open to the village attorney to adopt a theory so far different from that on which the original trier of the facts presumably made his decision against Moore (see, e.g., *People* v. *Weiss,* 290 N. Y. 160, 172–174).

We turn now to that direction of the order of the County Court which vacated the command for destruction of the pinball machines. Such destruction was authorized by section 985 of the Penal Law which in part says: '' It shall be the duty of the trial court, after the disposition of the case, and whether the defendant be convicted, acquitted or fails to appear for trial, to cause the immediate destruction of the machine, apparatus or device.'' The order so authorized runs against the machine and is operative irrespective of the conviction, acquittal or failure of appearance of the person having possession thereof. Thus such a proceeding is one in rem of a civil nature (see *Dobbins's Distillery* v. *United States,* 96 U. S. 395, 399–401; *United States* v. *935 Cases More or Less,* 136 F. 2d 523, 526; *Colusa Remedy Co.* v. *United States,* 176 F. 2d 554, 557; 1 Bishop on Criminal Law [9th ed.], § 835, pp. 596–597). For that reason, so much of the order of the County Court as saved the pinball machines from destruction is not appealable to this court under the provisions of the Code of Criminal Procedure (*People* v. *Whitcomb,* 298 N. Y. 635; cf. Federal Rules of Civil Procedure, rule 81, subd. [a], par. [2]).

The order of the County Court insofar as it reverses the judgment of conviction of the defendant Moore should be affirmed. In all other respects, the appeal by the Village of Hamburg should be dismissed.

Lewis, Dye, Fuld and Froessel, JJ., concur with Loughran, Ch. J.; Conway and Desmond, JJ., dissent and vote to reverse the order of the County Court insofar as it reversed the judgment of conviction of defendant Moore, and to that extent to affirm the judgment of the Police Justice's Court. Defendant Moore was convicted of violating section 4 of chapter 7 of the Village of Hamburg Gambling Ordinance, which is quoted in the majority opinion. The information against Moore charged that he '' did commit the offense of keeping, using and permitting to

be kept and used in a place within the Village of Hamburg an instrument or device for the purpose of gambling ''. The proof showed that Moore, a bartender, permitted a boy of the age of seventeen years to use a pinball machine located in the barroom, and, because of the boy's age, placed the winnings therefrom upon the bar so that the boy's companion, aged twenty, might take them and deliver them to the boy. In addition, there was conflicting testimony in the record from which the trial court was at liberty to find that the proprietor or owner of the barroom was not there present at the time of the gambling or at the time of the payoff by defendant Moore. These facts serve to distinguish the case at bar from cases such as *People* v. *Underhill* (267 App. Div. 833). Granting, as stated in the prevailing opinion, that the word '' keep '' can only refer to the owner or bailee of the gambling machine, here the ordinance under which Moore was convicted was applicable not only to a person who '' shall keep '' or '' permit to be kept '' such a machine, but also to a person such as Moore who shall '' use '' it or '' permit '' it to be '' used ''.

Ordered accordingly.