(Demand N. Gale, J.
The defendant-appellant above named has appealed from a judgment of the Court of Special Sessions, Town of DeWitt (Hon. Edward C. Scheep presiding) dated May 27, 1970, wherein after a trial without a jury, the defendant-appellant was found guilty of a violation of sections 3 and 9 of the General Business Law of the State of New York. These laws provide (§ 2) that Sabbath breaking shall be a violation of the law which prohibits the doing on Sunday, of certain acts specified (particularly as to this appellant) in section 9 of the General Business Law.
The questions raised in the defendant’s affidavit of errors, and in the brief on the argument of the appeal, may be summarized as follows:
1. Discriminatory enforcement of the Sabbath laws against this appellant resulted in a denial of equal protection of the laws;
2. In denying the appellant the right to trial by jury, the court erred in declaring Sabbath breaking to be a violation instead of a misdemeanor;
3. It was error to require the appellant’s attorney to proceed to trial without the appellant or a representative being present on April 10, 1970, without the appellant having waived his right to be present;
4. The court failed to declare the Sabbath laws invalid as unconstitutional for the above reasons, as well as for the reason *792 that such laws deprived the appellant of due process of law; such laws lacked a proper purpose; and there was no evidence permitted to be received as to the seriousness of the interruption by appellant’s conduct of the religious liberty of the community, or to the repose of the community.
The appellant contends that discriminatory enforcement is proven by evidence of the fact that other stores were openly selling prohibited articles on the day in question. He supports his contention by citing People v. Utica Daw’s Drug Co. (16 A D 2d 12). The question, there, was whether in a community in which there is general disregard of a particular law with the acquiescence of the public authorities, the authorities should be allowed sporadically to select a single defendant or a single class of defendants for prosecution because of personal animosity or for some other illegitimate reason.
The testimony adduced on the trial clearly states that some others accused of Sabbath breaking were also issued summonses on the day in question. No evidence of class prosecution or personal animosity, or any other illegitimate reason, seems to have been introduced on the trial.
The trial court, which saw the witnesses and heard the testimony, held that the appellant did not prove intentional discrimination against him by the Onondaga County Sheriff’s Department. We think this determination must be sustained and we so hold.
The appellant alleges as further error that it was entitled to a trial by jury, as provided by section 2 of article I of the Constitution of the State of New York, and the Sixth Amendment of the United States Constitution. Section 12 of the General Business Law calls for a forfeiture of all property and commodities exposed for sale in violation of the Sabbath laws. Section 4 of the same law provides that “ Sabbath breaking is a misdemeanor, punishable by a fine of not less than five dollars and not more than ten dollars, or by imprisonment in a county jail not exceeding five days, or by both ”.
This provision must be read with subdivision 3 of section 55.10 of the Penal Law, as pointed out in the excellent decision by the presiding Judge at the nonjury trial:
‘ ‘ Violations. Every violation defined in this chapter is expressly designated as such. Any offense defined outside this chapter which is not expressly designated a violation shall be deemed a violation if:
“ (a) Notwithstanding any other designation specified in the law or ordinance defining it, a sentence to a term of imprisonment which is not in excess of fifteen days is provided therein, *793 or the only sentence provided therein is a fine ” (emphasis the writer’s).
The appellant would have us read the statute to provide that a term of imprisonment not in excess of 15 days and a fine would change the violation to require a jury trial.
We are in agreement with the trial court in its holding that the law should not be so interpreted. A recent United States Supreme Court case held that an offense punishable by more than six months’ imprisonment requires a trial by jury (Baldwin v. New York, 399 U. S. 66).
Nowhere in the discussion of recent cases on the right to trial by jury, is there more than passing mention of the fines imposed. The concern which has invoked the application of the Sixth Amendment right, so far as we have been able to find, has been evoked by the possible loss of liberty, not by the payment of a fine. The trial court further stated that all penalties were suspended in the instant case so there need be here no consideration of the imposition of a fine.
The third point considered by the trial court (No. 5 in the court’s return) was the allegation of error in requiring the appellant’s attorney to proceed to trial without the defendant-appellant, or a representative of the appellant being present on April 10,1970 without a waiver of the appellant’s right to be present.
Section 2001 of the Uniform Justice Court Act provides for criminal jurisdiction and procedure of the Justice Courts: “ (a) Court of special sessions. The court shall be a court of special sesions and shall have original jurisdiction of all misdemeanors and of all offenses and violations of a grade less than misdemeanor * * * committed at any place within the municipality. ’ ’
Section 2006 outlines the procedure: ‘ ‘ The practice and procedure when the court sits as a court of special sessions shall be regulated and controlled by the provisions of the code of criminal procedure not inconsistent with this act regulating and controlling the practice and procedure of the county court and of courts of special sessions in counties other than counties in the city of New York ”.
Applicable thus is section 356 of the Code of Criminal Procedure : “ If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant, if he appear by counsel. but if the indictment be for a felony the defendant must be personally present ”.
Furthermore, the following is pertinent: The appellant was, on the record, adequately represented by competent counsel. *794 The Trial Justice, in his return, has indicated a long record of delay on the part of the defendant:
“ From mid-December, 1969, and until March 5, 19-70, counsel for the defendant made several ‘ special ’ appearances in DeWitt Town Court. During the same interval, the Court and counsel for the defendant discussed the Sabbath Law charges pending against the defendant several times over and above these court appearances. * * * On February 5,1970 no general appearance having been made in these cases, the Court directed that a general appearance be made by a representative of the defendant or by counsel for the defendant within one week from that date, or warrants for arrest would be issued.”
‘ ‘ Thereafter, and after granting adjournments requested by defense counsel, an agreement was reached between the Court and defense counsel that a general appearance would be made in these cases on March 5, 1970 on new informations ”.
(These new informations redesignated thé defendant as Cooks of New York, Inc.)
“ On March 5,1970, defense counsel entered a general appearance on the new informations, and stated he would be ready to try the case involving the charge of December 7,1969 within the next month ”.
The case was thereafter scheduled for trial on March 27, 1970 (adjourned at request of defense counsel); April 3, 1970 (adjourned at request of defense counsel); April 10, 1970 (adjourned at request of defense counsel for the reason that a necessary witness, Sheriff Patrick Corbett, would not be in town on that date).
On April 9, 1970, the court “ happened to learn that 'Sheriff Corbett was in town, and would be in town on Friday, April 10, 1970”.
The court then contacted defense counsel on April 9, 1970, informed defense counsel of this, and an agreement was reached to proceed to trial the next evening. The District Attorney, at that time, raised the question of the lack of defendant’s presence and the court ruled that the trial should proceed, based on section 356 of the Code of Criminal Procedure.
After the trial began on April 10, 1970, it was once more adjourned until April 24, 1970 in order for witnesses to be present. The record shows that on the latter date, the defendant’s representative, Mr. Carney, was present in court, as well as on May 1,1970 when the trial was concluded.
The court seems to have been lenient, indeed, in permitting the defense adequate time to come to trial, and the ruling of the court *795 under section 356 of the Code of Criminal Procedure we find resulted in no prejudice to the defendant corporation.
The final point raised on the appeal relates to the unconstitutionality of the Sabbath laws. The last definite review by the New York State Court of Appeals of the constitutional questions raised in the instant case was in 1951, where the court stated, in People v. Friedman (302 N. Y. 75, 79-80, app. dsmd. 341 U. S. 907): “We are bound to construe statutes as we find them and may not sit in review of the discretion of the Legislature or determine the expediency, wisdom or propriety of its action on matters within its powers. * * * The power of the Legislature to regulate the observance of Sunday as a civil and political institution is well settled. * * * While the statute may not be perfectly symmetrical in its pattern of exclusions and inclusions, the equal protection of the laws does not require a Legislature to achieve “ abstract symmetry” (Patsone v. Pennsylvania, 232 U. S. 138, 144) or to classify with ‘ mathematical nicety ’.” (Borden’s Farm Prods. Co. v. Baldwin, 293 U. S. 194, 197. See, also, Morey v. Doud, 354 U. S. 457, 463.) Further (p. 81): “ The offer of proof was not an offer to show a pattern of discrimination consciously practiced * * it merely indicated some nonenforcement as to certain other businesses many of which were allowed to remain open for the sale of permitted commodities.”
The fact that in many areas this law is observed more in the breach than in the observance, does not make a case for the discrimination claimed by the appellant.
Nor do we find merit in the appellant’s contention that he was deprived of the right to show whether his conduct was a serious interruption of the repose and religious liberty of the community. The prosecution is not required to prove the degree or severity of one act underlying the violation of the law. The Legislature, by providing for Sunday closing for all but a specified list of exemptions, has in effect stated that Sunday openings are a serious interruption of the repose and religious liberty of the community. There is, to support this holding, the presumption that the legislative action was devised and adopted on adequate information (8 N. Y. Jur., Constitutional Law, § 61). This applies also to the question raised by the appellant which alleges that the Sabbath laws lack a proper purpose, and deprive the appellant of due process.
In considering constitutional questions, we are held to the standard of the burden of proof put on the contestant as stated by the New York State Court of Appeals in People v. Pagnotta (25 N Y 2d 333, 337): “ There is a strong presumption that *796 a statute duly enacted by the Legislature is constitutional. Indeed, we have held that in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt ”. (Citing Matter of Van Berkel v. Power, 16 N Y 2d 37, 40.)
The appellant in the instant case has not met that burden. Until the Legislature chooses to reconsider the statutes in question, the court must find that remaining open on Sunday for the purpose of ‘ ‘ public traffic ’ ’ as limited by section 9 of the General Business Law is a violation of that law.
The decision appealed from is, therefore, affirmed.