■ In the Matter of GEORGE W. PRATT, III, an Infant, by GEORGE C. PRATT, His Parent, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— In a proceeding pursuant to article 78 of the CPLR which has been treated by Special Term as an action for a declaratory judgment, the appeal is from a judgment of the Supreme Court, Nassau County, dated March 4, 1971, which (1) declared that paragraph b of subdivision 1 of section 501 of the Vehicle and Traffic Law is unconstitutional insofar as it provides that junior operators' licenses do not entitle the licensees thereunder to operate a motor vehicle in Nassau County and (2) denied appellant's motion to dismiss

the petition. Judgment reversed, on the law and the facts, without costs, and petition dismissed on the merits. The infant petitioner, 16 years of age at the time of the commencement of this proceeding, is a resident of Nassau County who challenges the restriction imposed upon his junior operator's license prohibiting him from driving within Nassau County. This restriction is authorized by paragraph b of subdivision 1 of section 501 of the Vehicle and Traffic Law, which provides, in part, that such a license "shall not entitle a licensee to operate a motor vehicle in a city having a population of one million or more or in the county of Nassau, except, within the county of Nassau, for the purpose of driving to and from a state approved cooperative work-study educational program." The phrase bringing Nassau County into the restriction became effective on October 1, 1960 (L. 1960, ch. 186), the restriction previously having been only applicable in a city having a population of one million or more. Special Term has held that the statute, insofar as it prohibits junior operators from driving in Nassau County, is unconstitutional, as a violation of the principle of equal protection of the laws under the State and Federal Constitutions. We do not agree. The burden imposed upon one who asserts the invalidity of a legislative enactment is a heavy one. In *Defiance Milk Prods. Co.* v. *Du Mond* (309 N. Y. 537, 540-541) it was held: "Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions (*Borden's Co.* v. *Baldwin,* 293 U. S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends (*United States* v. *Carolene Products Co.,* 304 U. S. 144, 154). Questions as to wisdom, need or appropriateness are for the Legislature (*Olsen* v. *Nebraska,* 313 U. S. 236, 246). Courts strike down statutes only as a last resort (Matter of *Ahern* v. *South Buffalo Ry. Co.,* 303 N. Y. 545, 555, affd. 344 U. S. 367) and only when unconstitutionality is shown beyond a reasonable doubt (*Lindsley* v. *Natural Carbonic Gas Co.,* 220 U. S. 61, 79; *Matter of Fay,* 291 N. Y. 198, 206, 207). But, for all that, due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (*Matter of Jacobs,* 98 N. Y. 98, 110; *Fisher Co.* v. *Woods,* 187 N. Y. 90; *Nebbia* v. *New York,* 291 U. S. 502)." A State may enact laws affecting only a particular class of people and such a classification will not be violative of equal protection of the laws when it is reasonable and is based upon some real or substantial distinction bearing a reasonable and just relation to the matter in respect of which the classification is imposed (*Truax* v. *Corrigan,* 257 U. S. 312, 337). While we recognize that there is authority for the proposition that there need not be a reasonable basis for the creation of a territorial classification (*Matter of Hogan* v. *Rosenberg,* 24 N Y 2d 207, 216, revd. on other grounds sub nom. *Baldwin* v. *New York,* 399 U. S. 66; *Salsburg* v. *Maryland,* 346 U. S. 545, 551; *McGowan* v. *Maryland,* 366 U. S. 420, 427), we find it unnecessary to uphold the constitutionality of this statute on that basis. Instead, we prefer to allow the determination to turn upon the question of whether a reasonable basis in fact exists for the distinction made by the Legislature between Nassau County and the other counties of the State. In pursuing this avenue of inquiry we are guided by the principle that a legislative classification is not violative of equal protection of the laws if any state of facts rationally justifying it is demonstrated or perceived by the court (*McGowan* v. *Maryland,* 366 U. S. 420, 425-426, *supra*; *United States* v. *Maryland Savings-Share Ins. Corp.,* 400 U. S. 4, 6; *People* v. *Ditniak,* 28 N Y 2d 74, 78). It is presumed that the Legislature has investigated and found the existence of a situation showing

or indicating the need for the legislation (*Matter of Van Berkel* v. *Power,* 16 N Y 2d 37, 40). In this context we have no difficulty in upholding the validity of the subject classification made in this statute. It is undisputed that, of the counties of the State outside of New York City, Nassau County is the most populous, has the most automobile registrations and the most accidents and, significantly, has a population density more than double that of Westchester County, the next most densely populated county. These factors constitute a reasonable basis upon which the Legislature, acting pursuant to its responsibilities in the critical area of highway safety, could have determined that driving in Nassau County is more hazardous and requires greater skill, care and maturity than in any other county of the State. That other facts exist which mitigate against the distinction made or that similar driving conditions obtain in portions of other counties of the State, thereby creating certain inequities as between junior operators residing in Nassau County and those residing in such other areas, is not within the purview of this court to pass upon. Questions of wisdom, need or appropriateness of a statute are for the Legislature (*Olsen* v. *Nebraska,* 313 U. S. 236, 246). The courts will not interfere with the judgment of the Legislature unless it appears that the failure to apply the legislation to all who might come within its orbit is palpably unjust and without reason (*Matter of Gormeley* v. *New York Daily News,* 30 A D 2d 16, 20, affd. 24 N Y 2d 867). The Legislature is presumed to have acted within its constitutional powers despite the fact that, in practice, the statute results in some inequality (*Rankin* v. *Shanker,* 23 N Y 2d 111, 119). Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur. [66 Misc 2d 172.]