Scileppi, J.
In this appeal, questions are raised as to the propriety of defendant’s conviction, as a first offender, for violations of article 2, sections 3 and 9 of the General Business Law, commonly known as Sabbath Laws.
The defendant corporation operates a department-type retail store in the Town of Camillus, Onondaga County. On four separate Sundays in November and December of 1970, employees of rival stores made purchases of pajamas, a sweater, panties and a man’s shirt and thereafter filed informations charging four Sabbath Law violations. Inasmuch as these sales did not fall within any of the exceptions to the provisions of section 9 of the General Business Law which interdict ‘ ‘ All manner of public selling or offering for sale of any property upon Sunday ”, defendant was prosecuted, and, after a nonjury trial conducted in a Court of Special Sessions of the Town of Camillus, found guilty of four violations. Fines of $100 each were imposed on three of these violations and as to the fourth, defendant was sentenced to a conditional discharge provided that it refrain from doing business on Sundays for one year.
Of the several arguments posed by defendant, it is enough to say that a new trial is necessary because the trial court erroneously denied defendant’s motion for a jury trial.
*449 Preliminarily however, it is appropriate to observe that although some doubt may exist as to the utility of Sabbath Laws in our modern society, these enactments remain constitutional exercises of legislative power (see, e.g., McGowan v. Maryland, 366 XT. S. 420; People v. Genovese, 24 N Y 2d 917; People v. Friedman, 302 N. Y. 75, 81) and, as this court emphasized in People v. Kupprat (6 N Y 2d 88, 90), “ the argument for change is to be addressed to the Legislature, not to the courts.”
Additionally, there is no basis in the record before us for defendant’s assertion that it has been denied equal protection of the law because of discriminatory enforcement of the statute. In so arguing, defendant had the burden of demonstrating a “ pattern of discrimination consciously practiced ”. (People v. Friedman, 302 N. Y. 75, 81, supra; see, also, Tick Wo v. Hopkins, 118 XT. S. 356.) That burden has simply not been met. Though other stores may have been open on the Sundays referred to in the informations before us, this factor alone does not establish discriminatory enforcement (People v. Genovese, 24 N Y 2d 917, supra; People v. Friedman, 302 N. Y. 75, 81, supra), especially where, as here, informations filed against other stores in the vicinity of defendant’s were pending disposition and the District Attorney had a policy of prosecuting all complaints received. Nor does the fact that the complainants herein were employees of some of defendant’s competitors satisfy its burden since credibility and alleged bias of these witnesses were matters which were exclusively within the province of the trier of the facts (cf. People v. Leonti, 18 N Y 2d 384; see People v. Paine Drug Go., 16 N Y 2d 503, affg. 22 A D 2d 156; People v. Utica Daw's Drug Go., 16 A D 2d 12).
Turning to the matter of a jury trial, defendant argues that one was required for statutory and constitutional reasons. Taking the statutory argument first, defendant was tried in a Court of Special Sessions governed by the Uniform Justice Court Act. Section 2011 of that statute provided for a jury trial where the information charges a crime. Since crimes are defined as either misdemeanors or felonies (Penal Law, § 10.00, subd. 6) and section 4 of the General Business Law denominates Sabbath breaking as a misdemeanor, defendant argues that its pretrial motion for a jury trial should have been granted because *450 it was accused of a crime. We. disagree with this contention. Section 55.10 (subd. 3) of the Penal Law provides that an offense defined outside the Penal Law: “ which is not expressly designated a violation shall be deemed a violation if: (a) Notwithstanding any other designation specified in the law or ordinance defining it, a sentence to a term of imprisonment which is not in excess of fifteen days is provided therein, or the only sentence provided therein is a fine Inasmuch as defendant was a first offender and a corporation, which, of course, cannot be imprisoned (see Penal Law, §§ 60.25, 80.10), the only sentence provided in the statute defining defendant’s offense (i.e., General Business Law, § 4) was a fine. Therefore, defendant was charged with a violation and had no right to a jury trial under the Uniform Justice Court Act (see People v. Cooks of N. Y., 65 Misc 2d 790, 792-793).
Defendant has also argued that it was charged with serious offenses and that 'as a result, it was entitled to a jury trial under the Federal Constitution (see, e.g., Baldwin v. New York, 399 U. S. 66; Duncan v. Louisiana, 391 U. S. 145). We do not reach this question as it is our view that other considerations lend support to defendant’s claim to a jury trial. Pursuant to section 12 of the General Business Law, all of defendant’s property exposed for sale in violation of the Sabbath Law was automatically subject to forfeiture upon its conviction for the violations charged in the informations. Though forfeiture proceedings are generally regarded as civil in nature (see People v. Wakelee, 302 N. Y. 307; 44 N. Y. Jur., Penalties and Forfeitures, § 38, p. 237) and a civil in rem procedure for their enforcement is found in CPLR article 72, the Penal Law allows a criminal court to impose a forfeiture —when authorized to do so by statute—as a part of the judgment of conviction (Penal Law, § 60.30). Consequently, since the Court of Special Sessions which tried the informations against the defendant had statutory authorization to declare a forfeiture, the criminal proceedings conducted below were tantamount to forfeiture proceedings and as such, a right to a jury trial attached under section 2 of article I of the State Constitution (see Matter of Vergari v. Marcus, 26 N Y 2d 764, 765 [and cases cited therein]; 44 N. Y. Jur., Penalties and Forfeitures, § 38, p. 238). Thus, it is *451 unnecessary to decide whether a similar right obtained under the Federal Constitution.
Accordingly, having determined that defendant’s additional points lack substance, the order appealed from should be reversed and a new trial, by jury, ordered.
Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasen and Gibson concur.
Order reversed and a new trial ordered.