OPINION OF THE COURT
Gilbert Rabin, J.
Defendant, by this motion, seeks to have sections 38.30 and 38-44 of the Yonkers City Code declared unconstitutional and the information dismissed as violative of a citizen’s rights on the following grounds: 1. That the statute interferes with the rights of contract in relation to his business beyond reasonable police power; 2. That the statute requires the landlord to become a guarantor for a proper and adequate heating system and its collateral parts and is unreasonable; and 3. That the statute, though labeled a violation, is in effect, by sentence, a misdemeanor and denies the defendant the right to trial by jury.
The basis for the instant information filed against defendant by the People is a violation of the heating code of the City of Yonkers (Yonkers Code).
The applicable section is section 38.30 of the Yonkers Code which reads as follows:
*950 “§ 38.30. Heat regulations. (Amended 10-11-77 by L.L. No. 12 — 1977)
“A. Every person, firm or corporation who shall have contracted, undertaken or become bound to heat or furnish heat for any building or portion thereof occupied as a home or place of residence or as a business establishment in the City of Yonkers shall heat or furnish heat to every occupied room in such building or portion thereof so that an air temperature of not less than seventy degrees Fahrenheit (70° F.) is maintained therein at all times.
“B. The term ‘at all times,’ as used herein, shall be taken to mean the period in any day when the outside or street temperature falls below fifty-five degrees Fahrenheit (55° F.) between 6:00 a.m. and 11:00 a.m. for a building or portion thereof occupied as a home or residence and during the usual working hours established or maintained where occupied as a business establishment.
“C. Whenever the outside or street temperature falls below fifty-five degrees Fahrenheit (55° F.) between 11:00 p.m. and 6:00 a.m., an air temperature of sixty degrees Fahrenheit (60° F.) shall be maintained.
“D. The term ‘air temperature,’ as used herein, shall be taken to mean the temperature in degrees Fahrenheit of the atmosphere at the approximate center of the room at a point approximately five and one-half (5 1/2) feet above the average floor level of the room.
“E. Whenever a building or portion thereof is heated by an apparatus under the control of the owner, agent, lessee, superintendent or janitor of such building, such person, in the absence of a contract or written agreement to the contrary, shall be deemed to have contracted or been bound to furnish heat in accordance with the requirements of this chapter and shall each or severally be liable to prosecution for violation of the provisions contained herein; provided, however, that these provisions shall not apply to a building or portion thereof used for the conduct of a business or trade wherein high or low temperatures are essential or unavoidable.”
In addition thereto, the defendant cites section 38-44 of the Yonkers Code, which provides for imposition, enforce *951 ment and collection of a civil penalty, together with section 38-45 of the Yonkers Code, both of which sections read as follows:
“Section 1. Chapter 38, Article V, Enforcement, Validity and Penalty. §38-44 sub-paragraph A and §38-44, Civil Penalty; Imposition; Enforcement and Correction thereof.
“A. A person who violates any requirements of this Chapter shall be subject to accumulative civil penalty of ten ($10.00) dollars for each separate violation from the date set for correction in the notice of violations until the violation is corrected. The penalty may be collected by the Bureau of action against the owner or his agency. A civil suit to assess said penalty may be commenced in any court having jurisdiction of the monetary amount of the penalty claimed.
“B. The notice of violation shall specify the last date when each violation shall be corrected. The date of correction shall be:
“(1) Not less than two (2) weeks from the date of mailing of the notice in the case of nonhazardous violations.
“(2) Twenty-four hours (24) from the date of mailing of the notice in the case of hazardous violations.
“(3) Forthwith in the case of immediately hazardous violations.”
“§38-45. Criminal Penalty.
“A. Any person who willfully or recklessly violates any provision of this chapter; or willfully or recklessly violates or fails to comply with any requirements of an order of the Bureau; or makes or causes any other person to make any false or misleading statement on any registration statement, notice or other document required to be filed pursuant to this chapter, or on any application or any other action by the Bureau pursuant to this chapter shall be guilty of a violation punishable by a fine of not less than three hundred ($300.00) Dollars and not more than one thousand ($1,000.00) Dollars for each such violation or by imprisonment of not more than ten (10) days or by both such fine and imprisonment. Upon conviction for a subsequent violation of the same code section by the same person *952 or corporation pertaining to the same premises, the person shall be guilty of a misdemeanor punishable by a fine not exceeding one thousand ($1,000.00) Dollars or by both such fine and imprisonment.”
The case of People v Reilly (85 Misc 2d 702) clearly states that in considering the constitutionality of a statute, certain general rules must be applied:
1. The burden imposed upon one who asserts the invalidity of a legislative enactment is a heavy one and courts should declare same unconstitutional only as a last unavoidable resort. (Matter of Pratt v Tofany, 37 AD2d 854.) In Defiance Milk Prods. Co. v Du Mond (309 NY 537, 540-541), it was held: “Every legislative enactment carries a strong presumption of constitutionality including a rebut-table presumption of the existence of necessary factual support for its provisions (Borden’s Co. v. Baldwin, 293 U.S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends (United States v. Carolene Products Co., 304 U.S. 144,154). Questions as to the wisdom, need or appropriateness are for the Legislature (Olsen v. Nebraska, 313 U.S. 236, 246). Courts strike down statutes only as a last resort (Matter of Ahern v. South Buffalo Ry. Co., 303 N.Y. 545, 555, affd 344 U.S. 367) and only when unconstitutionality is shown beyond a reasonable doubt (Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 79; Matter of Fay, 291 N.Y. 198, 206, 207). But, for all that, due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (Matter of Jacobs, 98 N.Y. 98, 110; Fisher Co. v. Woods, 187 N.Y. 90; Nebbia v. New York, 291 U.S. 502).”
2. Additionally, a court of limited jurisdiction, as is this court, should not set aside a statute as unconstitutional except where life and liberty are involved and the invalidity of the statute is apparent on its face (National Psychological Assn. for Psychoanalysis v University of State of N. Y., 18 Misc 2d 722, 725-726, affd 10 AD2d 688, affd 8 NY2d 197), or the conclusion is inescapable (People v Elkin, 196 Misc 188). Otherwise, such constitutional question should be left for the appellate courts (City of New *953 Rochelle v Echo Bay Waterfront Corp., 182 Misc 176, affd 268 App Div 182, affd 294 NY 678).
Bearing in mind the general rules cited above, the court completely rejects the argument of the defendant that those portions of the Yonkers City Code, known as heating regulations “is an unreasonable exercise of police power or that it interferes with alleged contract rights unreasonably”. Certainly the right — even the duty — of a city council to protect the health and welfare of its residents, is a valid exercise of its police power. This legislation seeks to protect its residents with what has been, from time immemorial, a most basic necessity of life — heat and warmth. It is beyond dispute a legitimate and essential legislative objective. It has also been held that the State may exercise power even to impair the obligation of a contract where the exercise of the power is for the general good of the public, is reasonable and addressed to a legitimate end. (Peoples Sav. Bank of Yonkers, N. Y. v County Dollar Corp., 43 AD2d 327, affd 35 NY2d 836; Health Dept. of City of N. Y. v Rector, Church Wardens & Vestrymen of Trinity Church in City of N. Y., 145 NY 32.)
A statute must be read in its entirety and this statute provides a reasonable method and procedure of due process by the notification requirements in section 38-30L of the Yonkers Code. Under that section, it is only where an owner fails to commence work within 24 hours and/or fails to complete same within 72 hours (where it could have been so completed) that a violation arises. The fact that the defendant alleges that this is a burden upon the owner of the property to have proper heat upon a reinspection by the city’s inspectors is no doubt accurate. Upon whom could or should this necessary requirement be more rightfully placed? An owner of property should supply the heat required by law. Duties as well as benefits flow from ownership of real property. Repairs should be undertaken promptly by a landlord to assure the restoration of vital warmth and swift action is required to make certain that this occurs. (See Hall v Fraknoi, 69 Misc 2d 470.)
The final argument raised by the defendant is defendant’s right to a jury trial where the charge is a violation because of the punishment involved.
*954 The United States Supreme Court has held that a defendant in a prosecution for a “serious offense” is entitled to a jury trial under the Sixth and Fourteenth Amendments. (Duncan v Louisiana, 391 US 145, 154.) The term “serious offense” was then defined as any offense carrying a possible prison sentence of more than six months. (See Baldwin v New York, 399 US 66.) Under Baldwin, a defendant charged with a misdemeanor with a possible sentence of more than six months in jail would have a constitutional right to trial by jury. Unchanged was the procedure for prosecution of violations; for a “[vjiolation” by definition “means an offense, other than a ‘traffic infraction,’ for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed.” (Penal Law, § 10.00, subds 1, 3.)
Subsequent decisions have held that the recent Supreme Court decisions have not altered the practice for prosecution of violations. (People v L.A. Witherill, Inc., 29 NY2d 446; People v Cooks of New York, 65 Misc 2d 790.) Both of these cases also noted that it was the length of the possible incarceration and not the amount of a potential fine that was determinative. The constitutional provisions giving a party a right to a trial by jury do not apply to those crimes classified as less than a misdemeanor. (See People v Petterson, 58 Misc 2d 597.) It is only upon a repeated offense that this statute provides for its elevation to a misdemeanor and the court finds this proper as a legislative decision. This court denies defendant’s motion to dismiss the information and to declare sections 38.30, 38-44, etc., of the City Code of the City of Yonkers unconstitutional. Motion denied in its entirety.