OPINION OF THE COURT
John R. LaCava, J.
Defendant, by this motion, seeks to have the instant information dismissed on two grounds, alleging that:
(a) City Code of Yonkers § 103-1 is unconstitutional; and that
(b) The information is insufficient and defective on its face.
With regard to the latter ground, the original moving papers
request that the court order the complainant to file a supporting deposition particularizing the specific conduct which constituted a violation of the ordinance.
The basis for instant information was a summons issued by Sanitation Enforcement Officer Ralph Nappi on September 5, 1984, specifying “high grass and weeds on the sidewalk” at 56 Worth Street in violation of Yonkers City Code § 103-1.
Sections 103-1 and 103-2 read as follows:
“article i
“Removal of Weeds and Growths “(Adopted 5-9-61 as G.O. No. 17 — 1961)
“§ 103-1. Growths restricted; notice by Commissioner.
*1032 “No person or corporation shall permit noxious weeds, long grass or other rank growths, or growths which are harmful, poisonous or detrimental to health, on real property owned by him or it. Upon due notice, in writing, by the Commissioner of Health of the City of Yonkers, given to such owner to cut, trim, remove or otherwise eliminate such noxious weeds, long grass or other rank growths, or growths which are harmful, poisonous or detrimental to health, and upon default thereafter being made by such owner, within a period of five (5) days 'after the mailing of said notice, the Commissioner of Health may cause the said noxious weeds, long grass or rank growth, or growths which are harmful, poisonous or detrimental to health, to be cut, trimmed and removed or otherwise eliminated by the Department of Public Works, and assess the expense thereof against the property whereon the same is found. Such charge, if unpaid, shall become a lien upon the property, subject to collection as a tax thereon, after due notice to the owner and a hearing as to the justness of the costs.
“§ 103-2. Violation.
“A person or corporation upon whom notice has been served, as set forth in Section 1 hereof, to cut, trim, remove or otherwise eliminate such noxious weeds, long grass or other rank growths, or growths which are harmful, poisonous or detrimental to health, and who for a period of five (5) days after the mailing of such notice shall neglect or fail to comply with the provisions of any such notice, shall be deemed to have violated this Article.”
A supporting deposition was sworn to by Officer Nappi on January 10,1985, and thereafter served on defense counsel and filed with the court.
In his deposition, Officer Nappi states that he has been a sanitation enforcement officer in the City of Yonkers for approximately seven years (having worked a total of some 17 years for the Department of Public Works). As part of his job he inspects lots throughout the City in order to determine if there are violations of the Yonkers City Code occurring, including violations of chapter 103.
On August 28, 1984, he visited the property located at 56 Worth Street and found a lot with a fence set approximately two feet from the sidewalk. Between the fence and the sidewalk is a strip of land running the length of the property that had been “overgrown with high grasses and weeds of approximately 2 to 2V2 feet high.” The strip of land between the sidewalk and the curb was also overgrown with grass and weeds 2 to 2½ feet high.
*1033 Officer Nappi then returned to the office of the Department of Public Works and researched the tax records of the City of Yonkers to determine the owner of the property. He then issued a “warning notice” to the defendant, which allowed five days for the owner to correct the violation.
On September 5, 1984, some eight days later, Officer Nappi returned to the property at approximately 3:00 p.m., and determined that the grass and weeds had not been trimmed. He then issued the above summons to the defendant, Jack Resnick & Sons, Inc.
The defendant argues in his motion, in an additional memorandum of law, and during oral argument (heard on Mar. 20, 1985) that Yonkers City Code § 103-1 is unconstitutionally vague. The defendant states that the ordinance fails to provide sufficient notice of the forbidden conduct in terms which are understandable to a person of ordinary intelligence.
The defendant asks rhetorically: What is a noxious weed? What is long grass? What are rank growths and growths which are “harmful, poisonous or detrimental to health”?
The terms, he argues, are vague and meaningless. Ask any 10 different people what is “long grass” or a “noxious weed” and you will get 10 different answers.
The People assert, both in the memorandum of law submitted and in oral argument, that the statute, read in its entirety, and considered as a whole, reasonably sets forth and gives sufficient notice of the prohibited conduct. They argue that the ordinance serves a legitimate purpose in that the regulation of weeds and grass on property is directly related to the general welfare and common good of the City and its people.
In passing this ordinance, it is argued that the intent of the City Council was to keep the City clean and attractive. This is accomplished by the regulation of unsightly growth. It is pointed out that rodents and other vermin nest in overgrown areas and these creatures pose a health problem because of their ability to carry and/or transmit disease. Long grass and weeds attract litter and debris, and by providing a refuge for garbage and waste generally despoil the character and aesthetics of the City.
A municipal ordinance, duly enacted under ample grant of power, is presumably constitutional and binding (Lighthouse Shores v Town of Islip, 41 NY2d 7). Every presumption is in favor of the constitutionality of an ordinance (Main Private Car Serv. v Mayor of City of Yonkers, 71 Misc 2d 417).
The burden imposed upon one who asserts the invalidity of a legislative enactment is a heavy one and courts should declare *1034 same unconstitutional only as a last unavoidable resort (Matter of Pratt v Tofany, 37 AD2d 854; People v Milio, 112 Misc 2d 949, 952). If the constitutional questions raised are fairly debatable, the court must declare the ordinance constitutional, as the court cannot and must not substitute its judgment for that of the local legislative body (City of Buffalo v Hawks, 226 App Div 480).
Additionally, a court of limited jurisdiction, as is this court, should not set aside a statute as unconstitutional except where life and liberty are involved and the invalidity of the statute is apparent on its face or the conclusion is inescapable (People v Milio, supra). Otherwise, such constitutional questions should be left for the appellate courts (supra).
Statutes are interpreted by giving plain meaning to the language (Citizens Comm. for Hudson Val. v Volpe, 302 F Supp 1083). A statute must be read in its entirety (People v Milio, supra, at p 953). In the event that the words of a statute may be ambiguous, the intent of the Legislature should be sought in the language of the statute (Drelich v Kenlyn Homes, 86 AD2d 648). Where one word or phrase may be capable of more than one meaning the court should look to the entire statute to determine the meaning of the terms (Schwartz v Romnes, 495 F2d 844).
In applying these principles to the facts of this case and to the language of the ordinance, this court is of the opinion that Yonkers City Code §§ 103-1 and 103-2 are not unconstitutionally vague and do, in fact, provide sufficient and proper notice of the type of conduct which is prohibited. That branch of the motion requesting dismissal of the information on the grounds of unconstitutional vagueness is therefore denied.
When the statutes are read in their entirety, it is abundantly clear that an owner of property is put on notice that he will be penalized when he either consciously or through neglect allows grass, weeds or other vegetation to grow too long or to flourish to a point where they become harmful or detrimental to health. This is made clear by the remedy which is prescribed in the statute: namely, that the owner must cut, trim, remove, or otherwise eliminate the vegetation within five days upon written notice.
The statute thus provides a reasonable method and procedure of due process (see, People v Milio, supra, at p 953). In this case, the owner was notified that long grass and weeds were growing on his property at 56 Worth Street and all he had to do was to cut or trim the vegetation to avoid any liability.
The defendant questions the meaning of long grass. It is the opinion of this court that grass and weeds 2 to 2½ feet high *1035 would be considered long to any person of ordinary intelligence. Grass and weeds of that length could also be considered unsightly, provide an area for vermin to nest, thus possibly causing a health problem, and could possibly attract litter. Seen in this context, the statute and its application in this case serve a legitimate public purpose.
That branch of defendant’s motion requesting the dismissal of the information as being insufficient and defective on its face is likewise denied. The filing of the supporting deposition of Officer Nappi renders this objection moot.
For the above-stated reasons, defendant’s motion to dismiss the information is denied in all respects.