OPINION OF THE COURT
Arlene E. Katz, J.
The issue before the court is whether Scarsdale Village Code § 205-2 (B) is unconstitutional on the purported grounds that it is arbitrary and not reasonably related to a valid government purpose.
The relevant portions of the Scarsdale Code are as follows:
"Section 205-2 Outdoor Power Tools * * *
"B. The use of gasoline-powered blowers shall be unlawful in the village during the period from June 1st through September 30th of each year * * *
"D. This section shall not apply to golf course operations or utility companies performing emergency repairs”.
On September 15, 1994, the Scarsdale Police issued a summons to defendant’s employee for operating a gasoline-powered leaf blower (gas blower) in the driveway and rear yard of a Scarsdale residence. A hearing was held on November 2, 1994, during which defendant stipulated that the acts of his employee contravened the code provisions. He orally moved to dismiss the information on the grounds that the statutory provisions were unconstitutional. The court granted the motion and dismissed the charge. The People appealed to the Supreme Court of the State of New York, Appellate Term, Ninth and Tenth Judicial Districts. On December 21, 1995, the Appellate Term reversed the dismissal, reinstated the information, *1019 remanded the matter for further proceedings, and permitted defendant to file a written motion to dismiss upon constitutional grounds.
Defendant now moves in writing to dismiss the information pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c), charging that the code is unconstitutional on the grounds it is arbitrary and not reasonably related to a valid governmental purpose, exceeds any reasonable governmental objective, is overbroad and is unreasonably burdensome to landscaping businesses.
The court denies defendant’s motion and finds that the Scars-dale Code is not unconstitutional.
A legislative body is empowered to enact legislation to promote the general welfare (White Plains Automotive Supply Co. v City of Peekskill, 115 AD2d 728 [2d Dept 1985], affd 68 NY2d 933 [1986]), and is duty bound to do so. (See, People v Milio, 112 Misc 2d 949, 953 [Yonkers City Ct 1982].) This power to legislate is not unlimited. The rule has been stated that "due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil [citations omitted].” (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541 [1956].)
It is presumed that legislators investigate and find requisite factual support for the laws they enact and that those laws are constitutional. (Matter of Van Berkel v Power, 16 NY2d 37 [1965].) One asserting invalidity of a law must rebut the presumption and prove beyond a reasonable doubt that the law is unconstitutional. (Lighthouse Shores v Town of Islip, 41 NY2d 7 [1976]; McKinney’s Cons Laws of NY, Book 1, Statutes § 150.) If there is any justification for adoption of the law it stands as is; it is not for the court to substitute its own judgment for that of the lawmakers. (Wiggins v Town of Somers, 4 NY2d 215 [1958]; People v Resnick & Sons, 127 Misc 2d 1031 [Yonkers City Ct 1985].) "The courts will not interfere with the judgment of the Legislature unless it appears that the failure to apply the legislation to all who might come within its orbit is palpably unjust and without reason (Matter of Gormeley v. New York Daily News, 30 A D 2d 16, 20, affd. 24 N Y 2d 867).” (Matter of Pratt v Tofany, 37 AD2d 854, 856 [2d Dept 1971].)
In the case at bar the People have demonstrated that the Scarsdale Code properly addresses valid government objectives and is not unreasonable. The Scarsdale Village Board of Trustees (the Trustees) in adopting the Code sought to reduce noise, áir, water and solid waste pollution caused by gas blowers. The legislation to limit the use of gas blowers was the result of a *1020 thorough and lengthy investigation. The Trustees considered noise complaints by residents, consulted with health and air quality experts, conferred with local landscapers, studied the results of similar laws enacted in other communities and held public hearings. The proposed Code provisions were supported by the Scarsdale League of Women Voters and the Village’s Advisory Council on Environmental Conservation. The Trustees did not enact a blanket prohibition. They allowed the use of gas blowers during spring cleanup and for fall leaf collection and provided an exception for golf course operations and utility companies during emergencies.
Defendant, in his affidavits, contends among other things that the code is irrational and unreasonable since its application will result in extreme and unnecessary financial hardship to landscapers. Defendant asserts that the ordinance arbitrarily prohibits the use of an integral and essential tool used by all landscapers and by defendant’s business since approximately 1958. Defendant further states that without the gas blowers landscaping costs would increase fourfold. Defendant sets forth the difficulty in hand raking and sweeping tennis courts, patios and driveways, and cites myriad mechanical and logistical problems associated with alternate automated methods such as mulching lawn mowers, vacuum sweepers and electric blowers.
In response, the People submit affidavits and exhibits which include the resolution adopted in enacting the code, correspondence and pertinent portions of the minutes of Village Board meetings. The aforementioned demonstrate that the Trustees did not intend to compel large scale hand raking and sweeping of properties in lieu of the gas blower. On the contrary, one major goal was to encourage grass recycling via the grass-mulching mower which the Trustees presented as a cost-cutting alternative to gas blowers. Instead of the two-step process of mowing and then blowing the grass away, the mulcher, in one step, distributes the cut grass on the lawn. The People submit that this method does not dry out the soil and acts as a natural fertilizer, thus reducing fertilizer and manpower costs.
Whether this method is the best option for defendant is not determinative of the issue of constitutionality. So long as the law is not arbitrary or irrational, "the choice among permissible alternatives is to be made by the Village, not by [the parties] or the courts [citations omitted].” (D’Angelo v Cole, 67 NY2d 65, 69 [1986].) Considering the heavy burden imposed on a constitutional challenger, defendant’s own affidavits and that of a gas blower manufacturer are not objec *1021 tive and lack the detail and specificity necessary to prove that restricting gas blowers is unreasonable. Further, there is insufficient proof to show a significant financial hardship to defendant. In any event, financial hardship is only one factor to consider. Businesses have long been regulated for the sake of the community. Absent a showing of unreasonableness or irrationality, individual economic hardship does not require a finding of unconstitutionality of an otherwise valid ordinance. (White Plains Automotive Supply Co. v City of Peekskill, 115 AD2d 728, supra; see, Len’s Amoco v Town of Gates, 97 Misc 2d 900, 903 [Sup Ct, Monroe County 1979].)
Defendant’s claim that there is no support for the Trustees’ finding that the use of gas blower alternatives would produce environmental benefits is belied by the record. According to the legislative findings, the use of the grass-mulching mower would ultimately lead to less chemical lawn fertilizer. This would reduce water pollution caused by chemical runoff into the Long Island Sound and local rivers and streams. In addition the Trustees anticipated a reduction in summer air pollution from the exhaust emitted from the gas blowers and fewer solid waste disposal problems stemming from haphazard blowing of grass and other debris into sewers and drainage pipes.
While other landscaping equipment, as pointed out by defendant, may not be completely problem free, defendant has not shown that their impact on the environment is equal to that of the gas blower. Defendant offers no evidence from disinterested laypersons or experts sufficient to show beyond a reasonable doubt why alternatives to the gas blower are not viable.
Defendant’s other contention that the code is arbitrary and irrational since numerous other noise producing tools are permitted to operate is insufficient to rebut the presumption of constitutionality. Noise is but one evil the law is designed to prevent. Tools such as a chain saw or trimmer may not be used as extensively or as often as the gas blower and thus produce less cumulative noise. These considerations aside, it is not outside the purview of the Trustees to prevent the use of only one piece of, in this case, noisy equipment while allowing the operation of others. The elimination of the gas blower exclusively ipso facto achieves a reduction in the amount of noise. The code need not cover every contingency nor solve every problem to be constitutional. Rather, the standard is that a law must not be unreasonable and should attempt to strike a balance between public and private interests. (Wiggins v Town of Somers, 4 NY2d 215, supra.)
*1022 The code does not differ significantly from other ordinances declared constitutional despite some infringement on private interests. Statutes have, and by nature, often must impose individual restrictions to confer long-term benefits to the public at large. In Lighthouse Shores v Town of Islip (41 NY2d 7, supra), the Town of Islip enacted an ordinance drastically limiting the operation of motor vehicles on Fire Island to preserve the natural resources and to protect the ecological balance of the barrier island. The law prohibited part-time residents from driving on the island while full-time residents were not so restricted. The challengers contended that the law was not necessary to effect the objectives of its maker and claimed the law was arbitrary in any event. Given the strong presumption of validity, the Court of Appeals in upholding the ordinance stated "unconstitutionality has not been demonstrated beyond a reasonable doubt and plaintiffs have not fulfilled their burden of establishing a total absence of any reasonable basis for it.” (Lighthouse Shores v Town of Islip, supra, at 13.) Similarly, the defendant in this case has not shown a total absence of any reasonable basis for the Scarsdale Code.
Laws frequently affect and regulate the conduct of business. In White Plains Automotive Supply Co. v City of Peekskill (supra), the City of Peekskill enacted an ordinance prohibiting vehicles over 27 feet long from traveling in a residential neighborhood where a warehouse was located. Notwithstanding substantial diminution in the value of the warehouse property and other detrimental financial effects on the plaintiffs, the ordinance was upheld since the benefit to the community at large outweighed individual hardships. "[Wjhatever economic fallout the ordinance indirectly visits on the plaintiffs, it does not reach the level where the plaintiffs’ claims should override the safety of residents and an otherwise valid ordinance designed to promote the safety and welfare of the public [citations omitted].” (White Plains Automotive Supply Co. v City of Peekskill, supra, at 730.)
Defendant’s citations are distinguishable from the case at bar. For example, the Court in Peconic Ave. Businessmens’ Assn. v Town of Brookhaven (98 AD2d 772 [2d Dept 1983]) struck down a law restricting large trucks from using portions of a roadway containing residences. After balancing public and private convenience, the Appellate Division reasoned that the law was excessively burdensome economically "without substantial relation to a legitimate governmental purpose”. (Peconic Ave. Businessmens’ Assn. v Town of Brookhaven, *1023 supra, at 774.) In contrast to the case at bar the Town of Brook-haven failed to produce significant evidence to support a benefit to the public safety in the face of much testimony of the severe economic hardship to the plaintiff business. Consistent with the instant case, however, the Peconic decision recognizes circumstances where economic burdens imposed on private entities would be justified to benefit the public at large.
Defendant further relies on People v Federico (96 Misc 2d 60 [App Term, 2d Dept 1978]) where the court declared unconstitutional an ordinance banning the landing of excursion boats and their passengers in the Village of Ocean Beach. However, the facts in Federico differ significantly from those of the instant case. The landing of boats on an island differs from the seasonal prohibition of one landscaping machine. Unlike the ban in Federico the defendant in this case is not restrained from performing his landscaping duties; rather he is directed to use other methods. Although the gas blower is offensive to many, it may operate before June 1st and after September 30th of each year. During these periods a prohibition would be especially burdensome because of the need for postwinter cleanup and disposal of the great volume of fall leaves. The summertime ban is not a punitive measure. The landscaping industry has other effective options.
The gas blower restrictions in the Scarsdale Code are reasonably related to the Village’s exercise of police power. It is impossible in the enactment of legislation to fully accommodate every interest. The legislative process is more of an art than a science. Unless a law is unreasonable and arbitrary, legislation should not be overridden by the court which does not have the resources, responsibility or vantage point of the lawmaker. The code is not unconstitutional and the motion to dismiss is denied.