ANDREW H. MILLS and Another, Plaintiffs, *v.* THEODORE FREMD, and Others, Board of Trustees of the Incorporated Village of Rye, New York, and Others, Defendants.

Second Department, July 16, 1925.

Villages — ordinances — village of Rye has power under Village Law, § 90, subd. 19, to provide that permission must be procured for landing execursion boats in village — ordinance is not invalid.

An ordinance of the village of Rye, enacted pursuant to subdivision 19 of section 90 of the Village Law, prohibiting the landing of excursion boats in the village without the consent or permission of the trustees of the village is not invalid on its face, since the village has the power to enact an ordinance to regulate or prevent the landing of excursion boats in the village.

JAYCOX and RICH, JJ., dissent, with memorandum.

. SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*James M. Gorman [Pierre M. Brown and Humphrey J. Lynch* with him on the brief], for the plaintiffs.

*William Rand [Harry J. Robinson and Daniel E. Kelly* with him on the brief], for the defendants.

PER CURIAM:

We are of opinion that the village ordinance in question, enacted pursuant to Village Law (§ 90, subd. 19, as amd. by Laws of 1922, chap. 523), is not invalid on its face. The village trustees are empowered by the statute, originally passed in 1884 (Laws of 1884, chap. 129, adding to Laws of 1870, chap. 291, tit. 3, § 3, subd. 28; revised by Village Law of 1897, § 89, subd. 19; now Village Law, *supra*), to regulate or prevent the landing of excursion boats in the village. The ordinance of May 11, 1925, effective May 29, 1925, provides for application for the consent of the trustees who may refuse it or may grant it with such restrictive or regulatory provisions as may be deemed advisable. (See Rye Village Ordinances, chap. 12, art. 8, § 1.) The plaintiffs operating an excursion boat challenge the right of the village trustees to regulate them in any way. They refuse to apply for a permit or consent. The village trustees have not attempted to prevent the operation of plaintiffs' boats. Upon application made they may grant their consent. We do not believe the courts should assume that these duly elected village officials will endeavor to enforce unreasonable or arbitrary restrictions. We should not invalidate laws or ordinances upon any such presumption. The plaintiffs should first comply with the law and the ordinance. If the village trustees

upon application made to them, act illegally, arbitrarily or unreasonably, then only should the question be relegated to the judicial branch of the government.

Upon the agreed statement of facts, the defendants are entitled to judgment dismissing the complaint, with costs, without prejudice.

KELLY, P. J., KELBY and KAPPER, JJ., concur; JAYCOX and RICH, JJ., dissent with memorandum, and vote to award judgment for plaintiffs.

JAYCOX, J. (dissenting):

The ordinance is void as it gives arbitrary and uncontrolled power to the board of trustees. It fixes no standard upon compliance with which an applicant can go before a court and obtain mandamus on the ground that the board of trustees has failed in the performance of a legal duty. It plainly permits discrimination and allows the board of trustees to apply restrictions in one instance that are not applied in another although the bases of the applications may be the same. (*Yick Wo* v. *Hopkins,* 118 U. S. 356, 366.) It is urged that this action is premature and that upon application reasonable restrictions will be made and all applicants treated alike. This is no answer to the claim that the ordinance is illegal. The legality of such an ordinance is not dependent upon what has been done in any particular instance; its legality is to be determined by what may be done under and by virtue of its authority. (*Colon* v. *Lisk,* 153 N. Y. 188, 194; *Stuart* v. *Palmer,* 74 id. 183; *Gilman* v. *Tucker,* 128 id. 190, 200; 2 McKinney's Consolidated Laws, 34.)

RICH, J., concurs.

Judgment directed for defendants upon the agreed statement of facts, dismissing the complaint without prejudice, with costs.