THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES W. RESER, JR., Appellant.*

Court of Special Sessions of the City of New York, Appellate Part, Second Department, October 29, 1947.

---

* See, also, *People* v. *Humphreys,* 190 Misc. 244.— [REP.

Oscar Katz for appellant.

Charles E. Murphy, Corporation Counsel (Seymour B. Quel and Samuel D. Johnson of counsel), for respondent.

Per Curiam. The issue on this appeal is whether or not appellant on the date alleged was using his motor vehicle as a taxicab without the appropriate license therefor, in violation of subparagraph (a) of paragraph 43-a of subdivision l of section 436–2.0 of the Administrative Code of the City of New York. The determination of this issue depends upon the interpretation to be given to the term " taxicab " as defined in subparagraph (c) of paragraph 2 of subdivision b of section 436–2.0 of said Code. This definition does not clearly disclose or express the intention to classify as taxicabs any and all vehicles driven by mechanical power, which carry passengers for hire in the city, regardless of the manner, place and condition of the hiring. Implicit in the expression " carrying passengers for hire " contained in the definition is the requirement that the vehicle must be offered for hire to the public generally on the streets of the city in order to constitute it a taxicab. The purpose and intent of the Administrative Code as revealed in the preamble of legislative findings (§ 436–2.0, subd. a, par. 1) and the subsequent provisions regulating the taxicab industry would seem to indicate the correctness of this conclusion. It is also pertinent to note that the Police Department of the City of New York is given the authority to license taxicabs and to make rules and regulations for their supervision and operation. (New York City Charter [1938], § 436.) By extending the meaning of the term " taxicab " to include motor vehicles available for hire on private property and which do not ply the streets of the city seeking public employment, would make **applicable** to them and their operators the numerous **regulations**

of the Administrative Code and the Police Department and would be giving to the Police Department a power and control which, in our view, was not contemplated in the law. In the absence of a clear legislative expression of intent to embrace such motor vehicles within the provisions of the Administrative Code we must hold otherwise.

Before concluding this memorandum it should be mentioned that the display of a " taxi " sign in connection with the use of a motor vehicle being offered to carry passengers for hire is a circumstance tending to establish its status as a taxicab as defined by law and might better be omitted to avoid possible misunderstanding and in the interest of cautious and complete compliance with the spirit of the law. However, on the facts in this case we cannot say that appellant was operating a taxicab as defined in the Administrative Code and in violation thereof.

Accordingly, the judgment is reversed and complaint dismissed.

DE LUCA, C. J., COOPER and TROY, JJ., concur.

Judgment reversed, etc.