In the Matter of DAVID SILVERMAN, Petitioner, against ARTHUR W. WALLANDER, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, March 9, 1949.

*Harry Friedson* and *I. Arthur Rosenberg* for petitioner.

*John P. McGrath, Corporation Counsel* (*Morris W. Weiner* and *Murray Rudman* of counsel), for respondent.

HOFSTADTER, J. In this proceeding, brought pursuant to article 78 of the Civil Practice Act, to review the action of the police commissioner in suspending petitioner's hack driver's license for five days, and to expunge the record of such suspension from the police department files, it appears clearly that, upon the testimony taken at a hearing at the hack bureau of the police department petitioner violated paragraph 24 of subdivision f of section 436–2.0 of the Administrative Code of the City of New York by his refusal to accept as a passenger in his cab an orderly person, although not previously engaged. The determination of the police commissioner was neither arbitrary nor capricious, and was warranted by the evidence.

In attacking the action of suspension, petitioner relies mainly, if not solely, upon the contention that the regulations of the police commissioner governing drivers and owners of taxicabs do

not extend to the territorial limits of La Guardia Airport, which is operated by the Port of New York Authority, and where the infraction took place. While there is no doubt that the Port of New York Authority is a State instrumentality created by the States of New York and New Jersey (*Graves* v. *New York ex rel. O'Keefe*, 306 U. S. 466; *Bush Term. Co.* v. *City of New York*, 282 N. Y. 306), and that under concurrent air terminal legislation (L. 1947, ch. 802; New Jersey L. 1947, ch. 43) the operation of air terminals owned or controlled by the port authority rests within the sole discretion of the authority, it does not follow that the police commissioner of the city of New York may not regulate drivers of taxicabs while their vehicles are within the territory of the port authority.

In enacting section 436–2.0 of the Administrative Code, the Legislature intended to control and regulate the taxicab industry in the city of New York with the salutary objective of protecting the public as well as the taxicab industry. The regulations of the police department governing taxi drivers further advance the efforts to give protection to the public.

Even if petitioner's contention that the area constituting La Guardia Airport is not part of the public streets or highways (see *Weinstein* v. *McKenzie*, 177 Misc. 451) is adopted, it is apparent that the Administrative Code provisions are nevertheless applicable to all vehicles used as taxicabs and to all drivers of such vehicles in the city of New York, regardless of the place of solicitation of patronage. The La Guardia Airport is within the city of New York, even though the port authority controls its operation.

A situation analogous to the case at bar arose in *People* v. *Reser* (190 Misc. 804, revd. 297 N. Y. 922), where the defendant was convicted of operating a taxicab without obtaining a license therefor. At the time of the violation defendant was at the driver's seat of an automobile at the Laurelton Station of the Long Island Rail Road. Defendant's employer had the exclusive right to operate motor vehicles from the station under a lease given by the Long Island Rail Road. Although defendant claimed that, since at the time of the arrest, his car was located on private property, he was not engaged in the business of soliciting trade upon the public streets and his conduct was, therefore, not governed by the Administrative Code (§ 436–2.0), the Court of Appeals held that the evidence was sufficient to warrant a conviction of the charge of operating a taxicab for hire without a license within the provisions of the Administrative Code.

I hold that the provisions of the Administrative Code and the regulations of the police commissioner were applicable to the petitioner, even though at the time of violation petitioner was within an area under the jurisdiction of the Port of New York Authority.

The application is, therefore, denied and the petition is dismissed. Settle order.