J. Howard Rossbach, J.
Defendant operates a parking lot on property owned by the Port of New York Authority (Port Authority) and leased by the latter to him. Defendant’s applications for a license for such operation from the City of New York have been rejected by the Department-of Licenses on the ground that the city has no licensing jurisdiction over Port Authority tenants. The Police Department of the City of New York suffers under no similar inhibitions, and its members have given defendant several summonses for operating a parking lot without a license from the City of New York as required by section B32-251.0 of the Administrative Code of the City of New York. The most recent of these is now before us.
To put it mildly, defendant is in what may be termed an unhappy situation and one for which he is not to blame. It is . curious to note that during the many years of the Port Authority’s existence we can find no clear-cut determination of the right of New York City to regulate and license the Port Authority’s tenants.
Were the parking lot operated by the Port Authority itself, we do not believe that a license from the city would be required. (Bush Term. Co. v. City of New York, 282 N. Y. 306.) We find, however, nothing in the cases and statutes dealing with the Port Authority which would extend the apparent immunity of the Port Authority to its tenants. From the standpoint of public safety and the safeguarding of property, parking lots on Port *1006 Authority property stand on equal footing with any other parking lot in New York City (Nargi v. Parking Assoc. Corp., 36 Misc 2d 836; Matter of Silverman v. Wallander, 194 Misc. 532.)
Defendant is found guilty. Under the circumstances, a suspended sentence is ample punishment.