Benjamin W. Mehlman, J.
Defendant has been charged with landing an excursion boat and passengers therefrom within the Village of Ocean Beach, Fire Island, in violation of article V, section 1 of the village’s Code of Ordinances. At the trial there was uncontradicted testimony that defendant was the captain of a vessel which docked behind a restaurant in the village and discharged over 40 persons who entered the restaurant, and that the vessel had been hired by those persons for that purpose.
Defendant now challenges the ordinance on two grounds: (1) the ordinance is arbitrary, discriminatory, capricious and unreasonable, and (2) enforcement of the ordinance against defendant is discriminatory. This second contention was made at the trial at the conclusion of the People’s case despite the admonition in People v Goodman (31 NY2d 262, 269) that a claim of discriminatory enforcement does not reach the issue of guilt or innocence of the defendant and, therefore, is not peculiarly within the province of the trier of fact, and should be addressed to the court by a pretrial motion to dismiss the information.
Nevertheless, both contentions are rejected and I find the defendant guilty as charged.
I. I have previously held this ordinance to be a valid enactment under subdivision 63 of section 89 of the former Village Law, section 4-412 of the revised Village Law and Mills v Fremd (213 App Div 742). (People v Bayview Rest. Corp., Justice Court of Village of Ocean Beach, Suffolk County, June 26, 1976, Mehlman, J.) I reaffirm that decision.
*34 Section 5.00 of the Penal Law states that the general rule that a penal statute is to be strictly construed does not apply to the Penal Law itself, but the provision of that law must be construed according to the fair import of their terms to promote justice and effect the objects of the law. Under either rule the ordinance and its application to this defendant are valid and proper.
II. Although the argument of discriminatory enforcement was not timely made, I shall dispose of it. Defendant finds discrimination in the fact that water taxis and the ferry serving the Village of Ocean Beach are not prosecuted under this ordinance, and in a few instances, boats termed "excursion boats” were permitted to dock in the village without being similarly prosecuted.
No judicial definition of "Excursion” has been found in this jurisdiction. The dictionary definition is clear. Webster’s New Twentieth Century Dictionary (2d ed) defines it as follows:
"Excursion. A short trip taken with the intention of returning to the point of departure; a short journey for health or pleasure.”
"A round trip (on a train, bus, ship, etc.) at reduced rates, usually with limits set on the time of departure and return.”
Counsel for the defendant has supplied similar dictionary definitions.
On the other hand "taxi” has been judicially defined as "a vehicle offered for hire to the public generally” (People v Reser, 190 Misc 804) and it has been held to perform a service similar to the cab, or hackney carriage, held for hire, at designated places at a fare proportioned to the length of the trips of several passengers who are taken to be carried to destinations without regard to any route adopted or uniformly taken by the operator. It does not have a fixed route or streets on which it operates. (Central Greyhound Lines of N. Y. v Greyhound Cab Corp., 81 NYS2d 416.)
Those definitions apply to water taxis operating on navigable waters. There is a clear distinction between them and excursion boats which transport people from a starting point to a place of destination and then return the same people to the starting point as part of a single round trip transaction for which a single or group charge is imposed and paid.
Defendant also offered testimony regarding the ferry boats which serve the Village of Ocean Beach. They operate by *35 virtue of a franchise granted by the County Court (Transportation Law, § 71) and serve the general public on scheduled runs. They cannot be considered excursion boats.
To show discrimination there must be a pattern of discrimination consciously practiced by public officials among persons or parties in similar circumstances. (People v Paine Drug Co., 22 AD2d 156, affd 16 NY2d 503, cert den 382 US 838.) It was pointed out in People v Goodman (31 NY2d 262, 268, supra) "that one who alleges discriminatory enforcement must meet 'the heavy burden’ of showing 'conscious, intentional discrimination’ * * * or a consciously practiced pattern of discrimination * * *. The conscious exercise of some selectivity in enforcement of the law is not in itself a constitutional violation.”
The defendant has not shown such a pattern of discrimination. The few incidents referred to by the Mayor of the village at the trial were for official or semiofficial purposes.
There was also testimony that the Mayor gave the defendant permission to bring in 16 excursions in the month of June, 1976. Not only does this negate evidence of discrimination, but as I have previously held no village officer has the power to waive or suspend the enforcement of an ordinance. (People v Bayview Rest. Corp., supra; Schumer v Caplin, 241 NY 346, 351.)
This constitutes the verdict of the court.