OPINION OF THE COURT
Memorandum.
Order is unanimously reversed, on the law, the motion to vacate the judgment of conviction is granted and complaint is dismissed.
Defendant was convicted of violating section 1 of article V *61 of the Code of Ordinances of the Village of Ocean Beach, Fire Island, New York, which prohibited the landing of excursion boats or passengers therefrom (People v Federico, 88 Misc 2d 32, affd 91 Misc 2d 131). Defendant then moved in the court below to vacate the judgment pursuant to CPL 440.10 (subd 1, par [h]), on the ground that the judgment was obtained in violation of defendant’s constitutional rights. This court granted leave to appeal from the denial of the motion.
Generally, under its police power, the State and its political subdivisions can establish regulations designed to preserve the public health, safety, morals or to promote the general welfare (9 NY Jur, Constitutional Law, § 143 et seq.). However, a sharp distinction is made between those which ban activities completely and those which merely impose certain limitations on activities (see 9 NY Jur, § 196; cf. 1 Anderson, NY Zoning Law and Practice [2d ed], § 8.10). Generally, the defect in a prohibitory ordinance is its lack of reasonable relationship to the valid exercise of police power (People v Scott, 26 NY2d 286, 292). This is not to say that a prohibition is never permitted. However, in order to sustain a complete prohibition, there must be a showing that the abuses associated with the act prohibited are general and difficult to control by regulation and they cause or threaten an injury to the public which is so serious that the municipality might reasonably believe it outweighs the harm that would be caused to some by complete prohibition (see 9 NY Jur, § 196).
Here, the ordinance in question, as it existed at the time of the offense, absolutely banned the landing of excursion boats or their passengers in the Village of Ocean Beach. It is our opinion that the ordinance was therefore unconstitutional (cf. Mills v Fremd, 213 App Div 742).
Concur: Glickman, Pittoni and Gagliardi, JJ.