OPINION OF THE COURT
Eli H. Mellan, J.
On December 14,1981, a representative of the New York City Fire Department issued and served upon Francisco Rodriguez, as manager of maintenance of the International Hotel, located at John F. Kennedy International Airport, a summons charging a violation of section C19-156.2 of the Administrative Code of the City of New York, which section is part of Local Law No. 41 of 1978 of the City of New York requiring, among other things the installation of emergency lighting in eating and drinking places with specified public capacities. The charge involved in this instance concerned one of the dining areas in the hotel. The defendant was served as the person in charge of the premises.
No issue is raised with respect to the propriety of serving this particular individual as the representative of the hotel. However, certain jurisdictional questions are raised due to the fact that the said International Hotel is operated, allegedly, in behalf of the Port Authority and as a lessee of the said Port Authority.
*867 The Port Authority appeared in this proceeding by its attorney as amicus curiae for the purpose of arguing that the New York City Fire Department exceeded its jurisdiction in the issuance of the afore-mentioned summons. It is alleged that the John F. Kennedy Airport’s International Hotel inadvertently failed to install emergency lighting in its Garden Terrace Room. The fire department claims that the hotel thereby violated the Administrative Code. The Port Authority argues that the New York City Fire Department’s regulations are inapplicable because the Port Authority as a bi-State agency is exempt from municipal regulations, and that therefore the hotel as the lessee of the Port Authority is likewise exempted specifically because the operation of the hotel is in the implementation of the Port Authority’s governmental functions and thus shares the Port Authority immunity.
The Port Authority further rests upon an interpretation of the airport’s lease agreement, made by the City of New York with the Port Authority. The provision of which lease agreement specifically exempted the Port Authority from any such regulations according to the latter’s interpretation.
The Port Authority of New York and New Jersey was created in 1921 by Federal congressional legislation which consented to a “Compact” between the two States of New York and New Jersey, in order to develop public transportation and other facilities of commerce on an interstate basis within the bi-State area, specified to be within a 25-mile radius of the Statue of Liberty. (42 US Stat 174, consenting to L 1921, ch 154, and L 1921 of N. J., ch 151.)
The hotel is operated by the Port Authority for the purpose of making facilities available to travelers utilizing the airport. The operation of the said hotel is under a long-term lease with the City of New York, inasmuch as the City of New York owns the land upon which the airport is built and the lease provision, is among other things, as follows: “the Port Authority will, as a matter of policy conform to the enactments, ordinances, regulations, and rules of the City and its various Departments, Boards and Bureaus”. The lease further specifically provides that it conforms with all of the foregoing, is only to the extent that *868 the Port Authority finds it practicable to do so and that the decision of the Port Authority as to whether or not it is practicable, is binding and controlling.
The latter provision in the view of this court, clearly expresses the understanding and agreement between the parties that the final word remains with the Port Authority.
In this instance, it is set forth that there was in fact voluntary compliance by the hotel and that an emergency lighting was, in fact, installed after the issuance of the summons. Nevertheless, the City of New York argues that the question is still • not moot as claimed by the Port Authority and defendant, inasmuch as at the time of the issuance of the summons, the problem still existed and the question of whether or not the fire department had jurisdiction to issue the summons remains significant not only in this instance, but further for future precedent.
The New York, New Jersey and Federal courts have uniformly held that the Port Authority exercises its powers under the compact referred to above, as a direct agency and instrumentality of the two States and thus, being a State agency, would not be subject to the regulations of the department of the city of any other municipality. (Trippe v Port of N. Y. Auth., 14 NY2d 119; Bush Term. Co. v City of New York, 152 Misc 144, affd 256 App Div 978, affd 282 NY 306.)
The bi-State air terminal status grants the Port Authority broad powers to construct, establish and maintain buildings, structures, parking areas and facilities necessary, convenient or desirable for accommodating passengers of the airport. There is no question but that the International Hotel has such a purpose and that purpose remains unaffected by the agreement of the City of New York, even though a portion of the premises may be used for catering affairs and accommodating persons who are not necessarily utilizing the airport. Reference is made in the memorandum of the Port Authority to public hearings before the Board of Estimate of the City of New York, pertaining to the said proposed hotel wherein the testimony specifically sets forth that the hotel is to serve people *869 going and coming on long distance flights from Europe and other continents. There is no question in this court’s mind but that the hotel has the very purpose referred to in the statutes and is needed to implement the stated functions of the Port Authority.
An argument is made to the effect that while the hotel if operated by the Port Authority itself, may not be subject to the jurisdiction of the New York City departmental regulations, a lessee of the hotel nevertheless remains subject to those regulations. This court regards such an argument as specious notwithstanding the lower court decision of People v Anderson (45 Misc 2d 1005) wherein a defendant lessee of the Port Authority operated a parking lot and applied for a parking lot license. The application was rejected by the City of New York on the grounds that the city has no licensing jurisdiction over the Port Authority tenants. The court went on to hold that if this parking lot were operated by the Port Authority in question, there would be no jurisdiction but that since the defendant was a lessee of the Port Authority, the city did have jurisdiction. This court cannot agree with such a conclusion and holds that if there is no jurisdiction on property of the Port Authority while utilized and operated by the Port Authority, similarly there is no jurisdiction over such property operated by someone in behalf of the Port Authority so long as the use is implementing the functions of the Port Authority, and despite the fact that such operation be pursuant to the provision of a lease with Port Authority.
In this court’s opinion, the key question is whether the lessee is performing functions in behalf of the Port Authority and implementing the purposes for which the Port Authority was created. If so, the lessee is not subject to regulations of the municipality.
During oral argument, there appeared to be conceded by the City of New York that certain individual shops located in the Port Authority premises, such as fast food places and similar businesses maintained for the convenience for passengers, would not be subject to the jurisdiction of the New York City department regulations. The cases cited by the City of New York appeared in this court’s opinion to be *870 inapposite and do not dictate such a conclusion as argued by the City of New York.
The court holds that the New York City Fire Department had no jurisdiction to issue the within summons and that therefore this action is dismissed.