■ The People of the State of New York, Respondent, v Terrence Ferrer, Appellant. — Order, Supreme Court, Bronx County (J. Cohen, J.), dated February 22, 1983, denying the defendant's motion pursuant to CPL 440.10 for a new trial, is unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion for a new trial is granted. The defendant was convicted in 1974 of murder and possession of a weapon and sentenced to 15 years to life. His codefendants were convicted of manslaughter in the first degree and received indeterminate terms of imprisonment of up to seven years (Bloustein, J.). His codefendants were his mother and his aunt,

and they were all charged with the murder of the aunt's common-law husband. His conviction was affirmed without opinion (66 AD2d 1033). At the time of the trial, the case of *People v Gomberg* (38 NY2d 307) had not yet been argued. The question of a conflict of interest by counsel was not raised on the appeal although it could have been. However, counsel for the defendant was also counsel for the codefendants, both at trial and as counsel of record on the appeal. The aunt had confessed to her implication in the murder. The defendant contended that he was not present. There was an obvious conflict of interest in the representation but no interrogation to determine whether this defendant was aware of the potential risk involved in a joint representation. The defendant has already served nine years of his sentence. His two codefendants have completed their terms. In view of the determinations in *People v Macerola* (47 NY2d 257) and *People v Maher* (85 AD2d 501), the judgment is vacated and a new trial is directed. Concur — Kupferman, J. P., Asch, Bloom, Fein and Milonas, JJ.