OPINION OF THE COURT
Solomon H. Friend, J.
In this consolidated motion,[1] the above-captioned defendants move to dismiss appearance tickets and informations lodged against them, upon the ground that the North Hills tow car ordinance that they have been charged • with violating is unconstitutional. In each case, the defendant has been charged with violating chapter 161, sections 3 and 15 of the North Hills Code, in that he operated' a tow truck for hire on the Long Island Expressway (Interstate 495) for the purpose of towing a disabled vehicle whose situs was within the territorial limits of the Village of North Hills without having been issued tow owner and tow driver licenses required by the village. Paraphrasing defendants’ contentions, they claim that the village tow car ordinance unconstitutionally restrains trade, violates the Commerce Clause of the US Constitution, deprives defendants of their property and livelihood without just compensation, impinges upon defendants’ right to contract, and deprives them of due process of law. Defendants contend that the ordinance is unconstitutional as written, and as applied to the defendants.
While defendants’ motions appear to be addressed only to section 161-15, which prohibits towing within the village without a tow driver’s license, defendants’ moving papers and supporting memorandum of law also challenge the constitutionality of the owner license requirements in section 161-3 and, by necessary inference, the entire regulatory scheme contained in the tow car ordinance. Defendants also contend that other villages and towns touching the Long Island Expressway also require licensing and since tow owner licenses have been issued to defendants’ employers by the Towns of *990 Babylon and Smithtown, in Suffolk County,[2] the North Hills ordinance is unconstitutionally redundant. In response, the Village Prosecutor, in a terse submission, asserts that the village ordinance is a valid exercise of police power and does not infringe upon any constitutional barriers, much less those enunciated in defendants’ motions.
At the outset, this court must determine whether it has jurisdiction to pass upon the constitutionality of the village ordinance as written. This issue arises because defendants’ motions are not delineated as motions to dismiss the charges, but rather seek an order declaring the ordinance unconstitutional, i.e., to the extent that defendants’ motions seek to declare the village enactment unconstitutional as written, defendants’ motions appear designed to obtain a declaratory judgment. It is not entirely clear that this court, one of limited jurisdiction, has authority to grant relief of a declaratory judgment. (CPLR 3001; Town of Babylon v Conte, 61 Misc 2d 626 [Sup Ct, Suffolk County 1969].) Nevertheless, because defendants’ motions are made in the context of a criminal proceeding and as a defense to informations issued against them, this court treats them as motions to dismiss on constitutional grounds, and concludes that no jurisdictional infirmity exists. Indeed, CPL 170.35 (1) (c) expressly confers jurisdiction to determine whether the law defining the offense charged in an information is unconstitutional or otherwise invalid, and CPL 170.30 (1) (a) expressly provides that a local criminal court may, upon motion of a defendant, dismiss an information upon the ground, inter alia, that it is defective within the meaning of CPL 170.35.
Turning to the merits of the case, we again note that defendants have launched a two-pronged assault upon the ordinance. They contend not only that the ordinance is unconstitutional as a legislative enactment, but that it is also unconstitutional in its application to the facts involving each defendant. Defendants’ motions, however, are not made on the basis of a full record after a plenary trial, but are made merely on the basis of affidavits from each defendant containing assertions, not tested by cross-examination or by prosecutorial witnesses, to the effect that the defendants’ employers are tow car operators licensed by the Towns of Babylon and Smithtown, respectively; that defendants, generally do not solicit and in these two instances did not solicit towing busi *991 ness within the Village of North Hills, but merely responded to calls from customers of defendants’ employers who became disabled on the Long Island Expressway; and that defendants proceeded to hook up disabled vehicles to the tow cars and were ticketed for failing to possess tow owner’s and driver’s licenses issued by the village. The motions are also supported by a memorandum of law and an affirmation from defendants’ counsel containing elaborate legal arguments, conclusory factual assertions and hypothetical examples of the business harm that might befall defendants’ employers and other tow car operators if the constitutionality of the ordinance were upheld.
However, nothing in the moving papers indicates that the defendants, as distinguished from their employers, were ever licensed by any municipality, town or county; nor is there any proof that their employers’ tow owner licenses, allegedly issued by the Towns of Smithtown and Babylon, were in good standing and in eifect at the times of the alleged violations. Indeed, the claim that the motorists had contractual relations with the defendants’ employers is not supported by any documents or other probative evidence, except, of course, the defendants’ untested statements to the eifect. Nor has any independent evidence been submitted to substantiate the defendants’ assertions that they do not solicit towing business in North Hills, but rather, on these isolated occasions, were merely responding to calls from motorists. Also of relevance, but absent from the present record, are facts showing whether the Long Island Expressway has been properly marked so that motorists know or should know when they are within the limits of the Village of North Hills at the time their vehicles become disabled.
It is elementary that constitutional issues should not.be decided on the basis of an inadequate factual record. The court concludes, therefore, that it would be inappropriate and premature for the court to determine the constitutionality of the village tow car ordinance as applied, in the absence of a more complete record after a plenary trial where the factual contentions of the parties may be fully heard.
We turn next to defendants’ claim that the tow car ordinance is unconstitutional as written. It is settled law that a court of first instance should approach a constitutional question with reluctance and caution and "if possible [should] hesitate to determine unconstitutionality, save where the consequences may be severe and the damages irreparable or *992 where invalidity of the statute,is apparent on its face”. (Blye v Globe-Wernicke Realty Co., 68 Misc 2d 948, 950 [Sup Ct, NY County], affd 40 AD2d 950 [1st Dept 1972], revd on other grounds 33 NY2d 15; see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a].) This does not mean, however, that a court of first instance should run from its duty to determine the issue involving constitutionality of a statute, but it does require that the legislation under attack be clearly invalid before it is struck down on unconstitutional grounds. (Zubli v Community Mainstreaming Assocs., 102 Misc 2d 320, affd 74 AD2d 624, lv and stay denied 49 NY2d 915, mod 50 NY2d 1024.)
As stated in the Zubli case (supra, at 332): "In approaching the issue of a statute’s constitutional validity there is a fundamental rule that it is presumed to be constitutional (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd b; Wiggins v Town of Somers, 4 NY2d 215; People v Broadie, 45 AD2d 649, affd 37 NY2d 100). However, this is a rebuttable presumption against which unconstitutionality must be demonstrated beyond a reasonable doubt (Fenster v Leary, 20 NY2d 309; Matter of Van Berkel v Power, 16 NY2d 37). Any doubts must be resolved in favor of constitutionality. As stated by the Court of Appeals, '[i]t has been our repeated admonition that legislation should not be declared unconstitutional unless it clearly appears to be so; all doubts should be resolved in favor of constitutionality of an act. This court has repeatedly stated that the wisdom of legislation is not for us to determine’ (Johnson v City of New York, 274 NY 411, 430).”
Applying these oft-cited principles to the present motions, the court concludes that the village tow car ordinance is not clearly invalid and that defendants have failed to meet their burden of establishing unconstitutionality beyond a reasonable doubt. Indeed, the court finds that the ordinance represents a reasonable and valid exercise of legislative police power. It reflects a carefully considered regulatory scheme for licensing of owners and operators of tow cars operated for hire within the village, for the purpose of towing abandoned or disabled vehicles, where the situs of such vehicles is within the village. Chapter 161 of the North Hills Code was adopted by the Village Board of Trustees on January 23, 1981, as Local Law No. 2-1981 on the basis of legislative findings that "It is of vital importance to the traveling public that disabled vehicles be moved from the highways as promptly as possible, that delay in removal results in retarding the movement of *993 traffic unnecessarily and causes street accidents and that the towing of disabled or abandoned motor vehicles in the Village of North Hills is a matter affecting the public interest which would be subject to supervision and administrative control to safeguard the public against fraud, exorbitant rates and similar abuses.”
Consistent with this legislative finding, sections 3 and 15 of chapter 161 prohibit the operation of a tow car within the village without an owner’s and driver’s license having been issued by the village. Other provisions contain detailed procedures for obtaining such licenses, including the contents of applications which identify all applicants, their photographs and fingerprints, and investigations by the Nassau County Police Department to determine the applicant’s criminal record, if any, his sobriety, and good character. Other provisions include procedures for appeals in the event applications are denied; regulations governing maximum towing charges; provision for payment of license fees;[3] and requirements for carrying liability insurance. The ordinance also contains detailed provisions for obtaining written towing authorizations from a motorist before a vehicle involved in an accident or is otherwise disabled is removed '(§ 161-35); and other provisions are included concerning markings and lettering on the tow truck, the submission of bills, compliance with vehicle and traffic laws, etc. In short, the ordinance, on its face, clearly represents a considered effort by the village legislature to enact procedures and provisions intended to safeguard the public from fraud, exorbitant rates and other tow car abuses adversely affecting the public interest, as well as to assure, within reason, that disabled vehicles are promptly removed from the highways and streets so as not to impede the free flow of traffic through the village. As such, its provisions bear a rational relationship to valid legislative findings, and is not arbitrary, capricious or unreasonable in the means which the village has adopted to effectuate the purposes sought to be attained by its enactment.
Defendants contend that the ordinance unconstitutionally impinges on interstate commerce because it prohibits defendants’ employers from towing vehicles which break down on the Long Island Expressway, an interstate highway, without having been licensed by the village whose territorial limits *994 embrace portions of this interstate highway. In rejecting a similar argument, the Court of Appeals, in People v Learnard (305 NY 497, 500 [1953]) held: ”[T]he New laws do, of course, impose a ’burden’, of sorts, on * * * commerce. But the States, under the police power, may, without violating the commerce clause, regulate the use of their own highways and exact compensation for their use, and, for that purpose, may impose moderate, reasonable, uniform, nondiscriminatory registration regulations and fees, even on vehicles directly in interstate commerce, at least so long as the State regulations do not contravene congressional enactments on the same subject”.
The court’s statement is applicable, virtually word for word, to the present case since we are unaware of any Federal enactment which so occupies the towing business on interstate highways as to exclude the right of the village to enact licensing requirements and appropriate regulations in the public interest.
The defendants also contend that the ordinance is unconstitutionally overbroad because it purports to regulate a business which does not solicit within North Hills, which, as defendants put it, "by a fluke of where [the vehicle] breaks down, finds themselves helping a customer who solicited their service.” Defendants, however, are not charged with violating the antisoliciting provision of the ordinance (§ 161-39), which prohibits tow car operators from proceeding to the scene of a disabled motor vehicle without having been requested or notified to do so by the owner or his authorized representative or the police. Moreover, defendants overlook section 161-35 which permits the towing of a vehicle involved in an accident or becomes disabled, so long as a signed authorization is obtained from the motorist, irrespective of whether the motorist called the tow car owner, or vice versa, it being sufficient that a tow car owner may lawfully tow a disabled vehicle so long as written authorization has been obtained. Defendants’ heavy reliance on the fact that they were merely responding to a motorist’s call is misplaced.
Defendants contend that the ordinance licensing requirements unconstitutionally impinge upon their right to contract. The contention is meritless. In the first place, it does not appear that the defendants, who claim to be tow car drivers and not owners, are the persons who actually contract with the motorists. Indeed, from defendants’ papers, it would appear that the contracts, if any, were made between the owners. who are not defendants in these cases, and the stranded *995 motorists. But even if the owners had been charged, the defendants’ claim fails to pass muster.
It is well established that the right to contract is not absolute, and that every private contract is subject to the paramount authority of police power of the State (Matter of City of New York [Brooklyn Bridge Southwest Urban Renewal Project], 46 Misc 2d 558, affd 24 AD2d 710). Where a legislative finding of a substantive evil threatening the safety and welfare of the public is predicated on a rational basis and is reasonably appropriate to curb that evil, the rights of individuals to contract must give way to the State’s right to superimpose its police powers in the public interest. (Amsterdam-Manhattan, Inc. v City Rent & Rehabilitation Admin., 43 Misc 2d 889, affd 21 AD2d 965, affd 15 NY2d 1014.)
The State’s police power to protect the lives, morals, comfort, safety and general welfare of the people is superior to any rights under contracts between individuals, and is only limited in those certain cases where the enactment is not reasonably related to police power. While discretion is vested in the Legislature to determine what is and what is not necessary to safeguard the public interest in the exercise of police power, such discretion is not ordinarily interfered with by the courts. (Totten v Saionz, 38 AD2d 630.) In this connection, it is noteworthy that the defendants themselves have conceded that it is a legitimate concern of North Hills to require licensing of tow car owners and operators to prevent fraud. Defendants contend, however, that this legitimate concern fails because the motorists solicited the defendants’ employers and were not themselves solicited. The distinction is not persuasive and hardly strikes a note sufficient to invalidate the ordinance.
Finally, defendants complain that the ordinance duplicates other similar town and village ordinances which also require licensing, and that, in effect, defendants are required to obtain duplicatory licenses from every village and town in Nassau County at considerable expense to the owners, who must pass the expense on to their customers. While a matter of legitimate concern, the contention is not one of constitutional dimension,[4] and is better addressed to the elected *996 officials of village, town or county governments which have enacted tow car laws. The wisdom of legislation is for the legislatures involved and not the courts. Nevertheless, the court recognizes that duplicatory licensing is burdensome, may even be unnecessary and that reciprocal licensing provisions on a town- or county-wide basis might be more appropriate, particularly where all applicants for tow car licenses, in virtually all villages and towns having such laws, are required to be investigated by the Nassau County Police Department. Since the record on this issue is incomplete at best, and neither party has adequately briefed the legal issues and constraints involved, we decline to rule on this issue at the present time. However, if defendants are so inclined, they may renew this branch of their motion with proper briefing at the conclusion of the trial.
Defendants’ motion to declare the North Hills tow car ordinance unconstitutional on its. face is denied. Defendants’ motion to declare the ordinance unconstitutional as applied to the facts applicable to each defendant is denied without prejudice to a renewal of the motion after trial.
The parties are ordered to proceed to trial on both cases on April 25, 1988 and all witnesses are required to be present at that time. The Nassau County Police Department is directed to make Officer Carl Happ available on the trial date if his attendance is requested by-the Village Prosecutor.

. Because defendants are represented by the same counsel who has made motions in each case raising identical issues of law, both motions are disposed of in accordance with this opinion. However, the cases involve different defendants and separate incidents, and, therefore, are not consolidated for any other purpose. Future proceedings in this court, in each case, are to be individually captioned.

. The Incorporated Village of North Hills is located in Nassau County.

. The tow car owner’s license fee is $50. Tow car driver’s license fee is $10.

. Defendants fail to cite any authority, or constitutional provision, which prohibits redundant regulations by villages and towns. Of course, if it can be shown that the redundant regulations are so onerous as to be confiscatory or constitute a deprivation of the right to earn a livelihood, *996 some constitutional infirmity may exist. Here, however, defendants have not shown this to be the case since the licensing fees appear to be so minimal that it cannot seriously be contended that they impermissibly impact property or livelihood rights.