OPINION OF THE COURT
Stanley A. Smolkin, J.
Both defendants are charged with violating section 23-8 (b) of the Municipal Code of Ordinances of the City of Long Beach, an ordinance which prohibits the use of power blowers and states that: “(b) No owner, tenant, occupant or person in charge of any building or lot, and no gardener or any employee of such gardener, or other person shall use a power blower or power *105 sweeper to clean any part of the grounds within a building lot, plot or any sidewalk, curb, gutter or street area, except that a snow blower may be used for the removal of snow.” (Municipal Code of Ordinances of City of Long Beach, ch 23, § 23-8 [b] [1994].)
Defendant Yigal B. Edinger, a landscaper, is charged with using a leaf blower on October 1, 1998. The defendant, James Jacobs, in his capacity as an employee of the Long Beach City School District, is charged with using a leaf blower on September 8, 1998. Both proceedings were commenced by service of a City Court information.
It should be noted that neither information was issued under the City’s Noise Ordinance sections, so that the issue before this court is not the noise or decibel level of the leaf blower.
The defendants have moved for dismissal pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c), upon the grounds that the information is defective and the statute defining the offense charged is unconstitutional on its face and in its application. They assert that the ordinance is arbitrary and not reasonably related to a valid governmental purpose. Additionally, they submit that the ordinance exceeds any reasonable governmental objective, is overbroad, and is unreasonably burdensome to their landscaping business and school maintenance program.
The motion is decided as follows:
Generally, under its police power, the State and its political subdivisions can establish regulations designed to preserve the public health, safety and morals, or to promote the general welfare. (People v Federico, 96 Misc 2d 60, 61 [App Term, 2d Dept 1978].) It has been held “that every enactment under the police power bear a ‘ “fair, just and reasonable connection” between it and the promotion of the health, comfort, safety and welfare of society’”. (Town of N. Hempstead v Exxon Corp., 53 NY2d 747, 752, quoting Montgomery v Daniels, 38 NY2d 41, 54.) While a legislative body is empowered to enact legislation to promote the general welfare (White Plains Automotive Supply Co. v City of Peekskill, 115 AD2d 728 [2d Dept 1985], affd 68 NY2d 933), the defect in a prohibitory ordinance is its lack of a reasonable relationship to the valid exercise of police power. (People v Federico, supra, at 61, citing People v Scott, 26 NY2d 286, 292.) There must be a showing that the abuses associated with the act prohibited are general and difficult to control by regulation and that they cause or threaten an injury to the public which is so serious that the municipality might reasonably believe it outweighs the harm that would be caused. *106 (People v Federico, 96 Misc 2d, at 61.) No such showing exists in the present case.
While the presumption of constitutionality is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt. (Lighthouse Shores v Town of Islip, 41 NY2d 7 [1976].) Leading case law states that the ordinance must not be arbitrary, but must have some fair, just, and reasonable connection between it and the promotion of health, comfort, safety, and the welfare of society. (People v Weinberg, 142 Misc 2d 608 [Just Ct 1988].)
Further, it is presumed that the legislative body has investigated and found the existence of a situation showing or indicating the need for, or desirability of, the ordinance. (Lighthouse Shores v Town of Islip, 41 NY2d, supra, at 11; Town of N. Hempstead v Exxon Corp., 53 NY2d 747, supra.) The court in Weinberg stated that as long as there is any state of facts either known or which could be reasonably assumed to support legislation and as long as the legislation bears a reasonable relationship to the protection of health, safety, morals or welfare, the decision of the legislative body must prevail. (People v Weinberg, 142 Misc 2d, supra, at 613.)
No showing was made by the City of Long Beach that the enactment of the ordinance in question was to achieve, promote or address any valid purpose or objective, but was merely a complete prohibition. Unlike the eminently clear purpose given for the legislation in Weinberg (supra), in the instant case, the sole reason given by the City when enacting the legislation was a mere comment, made prior to passing the legislation, that power blowers are jamming our sewers. (City of Long Beach, Two Thousand One Hundred Thirty Second Meeting of Common Council, 417:1, Nov. 15, 1994.) This court knows of no facts that support the ordinance. Furthermore, the court finds no reasonable relationship between this ordinance and the protection of the health, safety, morals or welfare of the people of the City of Long Beach. While this court will not substitute its judgment as to the facts for the judgment made by the legislative body, it is, nevertheless, duty bound to follow the law.
The methods that the legislative body employs to carry out its purpose are beyond attack without a clear and convincing showing that there is no rational basis for the legislation. (People v Weinberg, 142 Misc 2d, supra, at 613-614.) Where an ordinance has been upheld, it is because the legislative showing has been eminently clear. (Supra.) In the instant case, *107 there was no rational basis for the enactment of the legislation and, further, no valid purpose had been given to support the ordinance.
It is the decision of this court that section 23-8 (b) of the Municipal Code of Ordinances of the City of Long Beach cannot be upheld and is, therefore, unconstitutional.
In view of this finding, the other objections raised by the defendants are moot. Thus, both defendants’ motions to dismiss are granted.