Lippman, J.
(dissenting and voting to reverse the order, grant defendant’s motion to vacate the judgments of conviction and dismiss the accusatory instruments). The order of the trial court denying defendant’s motion to vacate the judgments of conviction pursuant to CPL 440.10 (1) (a) and (h) should have been reversed.
Defendant and his wife were charged with 13 violations of chapter 2, article VI, § 2-103 of the Code of the Town of North Hempstead (the Housing Code or ordinance) based on their renting of dwelling units without first obtaining the requisite permits.
*57 The ordinance was enacted in 1996 with the purpose of addressing the “serious conditions arising from rental of dwelling units that are substandard or in violation of the Town Code and that tend to overburden municipal services and to promote or encourage deterioration of the housing stock of the town” (Housing Code § 2-100). To accomplish that objective, the Town of North Hempstead made it:
“a violation of this article and an offense within the meaning of the Penal Law of the State of New York for any person or entity who owns a dwelling unit in the Town to establish, maintain, use, let, lease, rent or suffer or permit the occupancy and use thereof as a rental occupancy without having a valid permit for such rental occupancy, as herein provided” (Housing Code § 2-103).
A review of the ordinance’s provisions makes clear that the primary objective was to thwart a landlord’s ability to allow overcrowding to occur in his/her rental dwelling unit by requiring that the Town be apprised through the permit application process of both the square footage of the dwelling unit and the names and ages of the persons (and their relation to the “owner” as that term is defined in the ordinance) who would be residing in such unit (see Housing Code § 2-101 et seq.).
At the time of the offenses charged, the general permit requirement found in Housing Code § 2-103 was followed by provisions specifying the information required to be provided by the rental dwelling unit owner in order for a permit to issue. Thus, section 2-104 required, among other things, that the owner provide “[t]he names, ages and relationships, if any, to the owner of the premises of each person presently residing in or occupying such premises intended for rental occupancy” (Housing Code § 2-104 [B] [3]). Under the ordinance, an owner was defined as either the owner or “any other person or persons . . . having the right to possession of a dwelling unit” and the definition expressly provided that a tenant would be deemed “an ‘owner’ in relation to a subtenant” (Housing Code § 2-101). Accordingly, the owner applicant would have had to disclose not only the names and ages of the people residing in the dwelling unit, but also their relationship to applicant as well as to the primary tenant. The necessity for providing all of the information required by Housing Code § 2-104 is spelled out in Housing Code § 2-121, which provides that no violation of this article will be charged against a person who “[h]as filed the necessary *58 application . . . with all [the] required information and attachments” (Housing Code § 2-121 [A] [1] [emphasis supplied]).
In addition to the initial permit requirement, an owner was further obligated to keep the Town apprised of any change in the unit’s tenancy since the owner was required to file a rental registration form every time the “dwelling unit or portion thereof has become vacant and the owner intends to permit a new tenant or other person to take up residence” (Housing Code § 2-113). It was a separate criminal offense to violate this section of the ordinance as well.
Prior to trial, defendant filed a motion for omnibus relief seeking, among other things, that the informations be dismissed on the ground that the ordinance’s requirement that the owner disclose and continue to disclose (through the rental registration forms) the names, ages and relationships of the occupants was unconstitutional since it violated the tenants’ right to privacy. When the court, the Honorable Samuel Levine, J., abstained from the constitutional challenge, defendant and his tenants filed a declaratory judgment action in Supreme Court, Nassau County (Anthony v Town of N. Hempstead) on December 6, 1999 requesting that Housing Code § 2-104 (B) (3) (the subdivision requiring that the application for the permit contain the names, ages and relationships, if any, to the owner of the premises of each person presently residing in or occupying the rental unit) and Housing Code § 2-113 (the section requiring that the owner file a rental registration form whenever there is a change in the tenancy or residency of the rental dwelling unit) be declared unconstitutional as violative of the tenants’ right to privacy. Defendant, however, failed to include a request that the general provision regarding the permit’s procurement (Housing Code § 2-103) also be declared unconstitutional.
The criminal proceeding was stayed during the pendency of the declaratory judgment action. The declaratory judgment action was disposed of by order dated January 6, 2003, wherein the Honorable Joseph DeMaro, J., denied the motion for summary judgment of plaintiffs (one of whom is defendant herein) and granted the Town of North Hempstead’s cross motion for summary judgment holding Housing Code § 2-104 (B) (3) and § 2-113 constitutional. Plaintiffs appealed that order to the Appellate Division, Second Department, and raised for the first time in their brief on appeal the argument that Housing Code § 2-103 also be declared unconstitutional. In conjunction with the appeal, defendant had obtained a stay of the criminal *59 proceeding pending appeal. However, during the pendency of that appeal, defendant decided to take a disposition and on March 28, 2003 defendant pleaded guilty to 7 of the 13 violations (the charges against his wife were dropped).
Approximately eight months after defendant’s plea, in a decision dated December 1, 2003, the Appellate Division reversed the Supreme Court’s order in the declaratory judgment action and remitted the action to the Supreme Court for the entry of a judgment declaring Housing Code § 2-104 (B) (3) and § 2-113 unconstitutional (Anthony v Town of N. Hempstead, 2 AD3d 378 [2003]). After reviewing the permitting obligations of the owner of the rental dwelling unit, including the requirement that the owner provide the names and ages of all persons residing in the unit, and the nature of the relationships of the people residing in the unit to the owner, the Appellate Division held “[s]ection 2-104 (B) (3) and section 2-113 . . . are unconstitutional because they limit the tenants’ right to privacy and are not narrowly tailored to achieve the Town’s compelling interest” (id. at 379). The Appellate Division declined to rule on plaintiffs’ request that Housing Code § 2-103 be declared unconstitutional as it was not properly before the Court (id.).
Despite the Appellate Division declaring Housing Code § 2-104 (B) (3) and § 2-113 unconstitutional, defendant contends that the Town nevertheless pursued the criminal prosecution of defendant when it “demanded payment of the $3,500 fine and sought to resentence defendant to 15 days of incarceration on October 29, 2004.” Defendant then moved to vacate the judgments of conviction in the District Court pursuant to CPL 440.10 (1) (a) and (h) on the ground that the trial court lacked jurisdiction “over the action and that the judgment[s] . . . [were] obtained in violation of a right of the defendant under the constitution.” That motion was denied. In the instant appeal, defendant argues that
“[i]n this case, the tenants would not provide the appellant with the required information which prevented his compliance. Failing to provide the requisite information formed an absolute impediment to obtaining a permit which constitutes the violation of [s]ection 2-103 . . . [section] 2-103 is the penal ordinance which requires a rental permit to be obtained.”
Defendant further argues that despite the fact that the Appellate Division declined to entertain the issue of the constitution *60 ality of Housing Code § 2-103, it is irrelevant because Housing Code §§ 2-103, 2-104 (B) (3) and § 2-113 are inextricably intertwined and could not be separated out insofar as no permit would issue unless defendant complied with the provisions that had been declared unconstitutional.
Defendant’s arguments are valid and the District Court’s order denying defendant’s motion to vacate the judgments of conviction should be reversed.
The majority has decided to foreclose defendant’s right to appeal based upon his failure to take a direct appeal within 30 days from his judgments of conviction, which were rendered on March 28, 2003 (see CPL 440.10 [2] [c]).[1] The majority’s analysis, however, is misplaced given the procedural and factual posture of this case.
As Judge Levine had abstained from deciding defendant’s constitutional challenge set forth in this omnibus motion, there was no determination from which defendant could have filed a direct appeal. Judge Levine not only abstained from hearing and deciding the constitutional challenge he also “referred the same to the New York State Supreme Court, Nassau County for declaratory relief.” Defendant complied with Judge Levine’s directive and filed a separate declaratory judgment action on December 6, 1999. Recognizing that the referred constitutional challenge was central to the propriety of continuing the criminal prosecution against defendant, the District Court continuously adjourned the criminal proceeding for monitoring purposes pending the determination of the declaratory judgment action. Because the District Court abdicated its responsibility to decide the constitutional issue by referring the matter to a separate tribunal for determination, it would appear that the facts requiring this court’s vacating the judgment of conviction (i.e., the determination by the Appellate Division, Second Department, that Housing Code § 2-104 [B] [3] and § 2-113 *61 were unconstitutional) occurred dehors the record based on the final determination of that issue in a separate civil proceeding.
Further, at the time defendant took his plea thereby terminating the criminal proceeding, the appeal of the Supreme Court’s dismissal of the declaratory judgment action was sub judice before the Appellate Division, Second Department. The appeal remained outstanding for approximately eight months after defendant took the plea before the Appellate Division decided on December 1, 2003 that Housing Code § 2-104 (B) (3) and § 2-113 violated the tenants’ right to privacy. Thus, even if the majority were correct and the basis for defendant’s appeal was sufficiently set forth in the record of the criminal proceeding such that CPL 440.10 (2) (c) applies, defendant was justified in not pursuing a direct appeal because the facts forming the basis for his appeal had not yet developed and did not develop until the Appellate Division’s December 1, 2003 decision (see e.g. People v Harris, 109 AD2d 351 [1985], lv denied 66 NY2d 919 [1985]; People v Ferrer, 99 AD2d 459 [1984]; People v [Jesus] Torres, NYLJ, Dec. 11, 1990, at 24, col 4 [1990] [“ ‘justifiability’ provision requires unusual circumstances going beyond a mere desire to raise a new issue”; defendant’s failure to raise issue of unconstitutional vagueness of indictment “was not unjustified, given the unusual procedural circumstances of this case and its relationship to its companion cases.”]) Defendant was foreclosed by Judge Levine from having his constitutional challenge be decided in the criminal proceeding and he was directed by the court to seek relief elsewhere. When he finally obtained the relief he was seeking, his time to file a direct appeal had expired by approximately seven months.[2] Accordingly, because defendant was justified in not pursuing a direct appeal of Judge Levine’s nondetermination given the pending appeal before the Appellate Division in the declaratory judgment action, the bar of CPL 440.10 (2) (c) is inapplicable.
As noted by the majority, the fact that defendant took a plea does not foreclose him from pressing the instant appeal. It is well settled that “[a] defendant may raise, after a guilty plea . . . the constitutionality of a statute under which the defen *62 dant was convicted” (People v Hansen, 95 NY2d 227, 231 n 2 [2000], citing People v Lee, 58 NY2d 491, 494 [1983]; see also People v Gerber, 182 AD2d 252, 261 [1992], lv denied 80 NY2d 1026 [1992] [“a defendant who pleads guilty is entitled to raise appellate contentions regarding . . . the unconstitutionality of the statute under which the defendant was convicted.”]) Furthermore, defendant has standing[3] to raise the constitutionality of the ordinance with regard to his tenants’ privacy right because the criminal proceeding emanates from defendant’s failure to apply for a permit which would have violated those rights (see McMinn v Town of Oyster Bay, 66 NY2d 544, 548 n [1985] [owners who had rented their home to four adult males and who were being criminally prosecuted for violating an ordinance restricting occupancy of single-family homes to persons related by blood had standing to argue that ordinance violated tenants’ constitutional rights to equal protection and due process]; see also People v Greenleaf, 5 Misc 3d 337, 338-339 [2004]).
The constitutionality of Housing Code § 2-103 itself, the requirement that a permit be obtained, was not before the Supreme Court or ruled upon by the Appellate Division. Nevertheless, it is evident that Housing Code § 2-103 is unconstitutional where the other provisions (i.e., Housing Code § 2-104 [B] [3]; § 2-113) have been struck down as an unreasonable invasion of the tenants’ right to privacy.[4] In the present context, section 2-103 cannot exist without reference to section 2-104 (B) (3) and section 2-113, which are essential for compliance with section 2-103 and the requirement of obtaining a permit. Defendant could not procure a permit without violating his tenants’ *63 constitutional rights. Accordingly, the provisions of Housing Code § 2-104 (B) (3) and § 2-113 are inextricably intertwined with Housing Code § 2-103 such that the former sections’ unconstitutionality renders the prosecution of defendant pursuant to Housing Code § 2-103 (prior to the ordinance having been amended) constitutionally infirm.
The fact that defendant failed to apply for the permit without the offensive information is no bar to his challenging the constitutionality of the ordinance. The doctrine of exhaustion of administrative remedies has no application where there is a challenge to the facial constitutionality of a statute or ordinance (see Tennessee Gas Pipeline Co. v Urbach, 269 AD2d 19, 21 [2000], revd on other grounds 96 NY2d 124 [2001]; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52 [1978]) or where the pursuit of an administrative remedy would be futile insofar as the administrative agency has made clear its position with regard to the relief requested by the petitioner (Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136 [1995]).
Here, both exceptions apply. Defendant challenged the facial constitutionality of Housing Code § 2-104 (B) (3) and § 2-113 and they were found to be an unconstitutional infringement of the tenants’ right to privacy. Furthermore, it would have been folly to challenge the ordinance at an administrative level since the ordinance itself made clear that all persons would be prosecuted for violations unless all information required to be provided was included in good faith (Housing Code § 2-121 [A] [1]). Given the foregoing, defendant (as well as all other owners of rental dwelling units) had every reason to believe that without the offensive information, the permit would not have issued and he still would have been criminally prosecuted for violating the ordinance. Thus, it would have been futile for defendant to submit the permit application with the offensive material omitted. Based on the foregoing, the manner in which defendant has raised the constitutionality of the ordinance (i.e., first in his omnibus motion, next in the separate declaratory judgment action, and finally in the instant motion to vacate the judgments of conviction) was procedurally proper.
It is axiomatic that the unconstitutionality of a statute or ordinance “ ‘may be interposed as a complete defense to any prosecution based on such statute or ordinance’ ” (Mann v Town of Southold, 44 Misc 2d 978, 979-980 [1964], quoting 28 NY Jur, Injunctions § 145; see also Campbell v Medalie, 71 F2d 671, 673 *64 [1934], cert denied 293 US 592 [1934]). In this case, defendant was prejudiced by the District Court’s abstaining from the constitutional issue raised in his omnibus motion, even though the District Court had the jurisdiction to decide the issue (see People v West, 4 Misc 3d 605 [2004] [Justice Court had jurisdiction to grant defendant’s motion to dismiss on constitutional grounds information charging defendant with solemnizing marriages of individuals who had not obtained marriage licenses]; People v Merksamer, 139 Misc 2d 987, 990 [1988]; see also CPL 170.35 [1] [c] [confers jurisdiction to local court to determine whether the law defining the offense charged in an information is unconstitutional]; CPL 170.30 [1] [a] [local criminal court may dismiss an information on the ground that it is defective within the meaning of CPL 170.35]). As such, it is entirely appropriate for defendant to now challenge the constitutionality of his conviction in the context of a CPL 440.10 (1) (h) motion (i.e., that the judgment was obtained in violation of defendant’s constitutional rights) (People v Federico, 96 Misc 2d 60 [App Term, 9th & 10th Jud Dists 1978]).
Because defendant would not have been able to validly apply for the permit pursuant to Housing Code § 2-103 without violating his tenants’ constitutional right to privacy, the judgments convicting him of failing to obtain the permits constitute a “violation of a right of the defendant under the constitution” (CPL 440.10 [1] [h]) and cannot stand. Accordingly, I would vote to reverse the District Court’s order and vacate the judgments of conviction (see People v Edinger, 179 Misc 2d 104 [1998]; People v Furlong, 129 Misc 2d 938 [1985]; People v Spadaro, 104 Misc 2d 997 [1980]; People v Federico, 96 Misc 2d 60 [1978], supra).
Rudolph, P.J., and Angiolillo, J., concur; Lippman, J., dissents in a separate memorandum.

. It should be noted that this issue was not raised by the prosecution as a reason for a bar of the CPL 440.10 motion, nor was it the basis of the District Court’s denial of said motion. CPL 440.10 (2) (c) provides, in relevant part:
"[n]otwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when . . . [although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon an appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to defendant’s unjustifiable failure to take or perfect an appeal during the prescribed period” (emphasis added).

. Although the Appellate Division, Second Department, had granted defendant a stay of the enforcement of Town of North Hempstead Code § 2-104 (B) (3) and § 2-113 pending defendant’s appeal of the Supreme Court’s decision, that stay was rendered moot when defendant pleaded guilty and the 30-day period within which defendant would have had to take a direct appeal began on March 28, 2003 when the judgments of conviction were rendered.

. It would seem that defendant’s standing to challenge the constitutionality of the ordinance based upon a violation of his tenants’ privacy right has already been decided in defendant’s favor by the Appellate Division since the appeal involved both the tenants as appellants and defendant as an appellant, but the opinion did not differentiate between the appellants with regard to their standing to assert the constitutional claim.

. The language of Housing Code § 2-113 at the time of the offenses charged does not appear to violate the tenants’ constitutional rights, yet the provision was declared unconstitutional by the Appellate Division based on the requirements found in the underlying rental registration form, which required that the owner disclose the aforementioned information with regard to the tenants residing in the rental dwelling unit. The language of Housing Code § 2-104 (B) (3) has been amended and the provision now provides that the owner simply provide “[t]he number of persons under and over the age of 18 and the dates of birth of each person presently residing in or occupying such premises intended for rental occupancy” (Housing Code § 2-104 [B] [3], as amended by Local Law No. 4-2004 [2004] of Town of North Hempstead).